THOMAS McKINNEY vs. DAVID LOW.

*Error from Limestone County Court.*

If one consents to a suit in a different county, from that wherein he resides, and is a freeholder, he will not be permitted afterwards to plead his privilege.

This was an action before a justice of the peace, from whose judgment an appeal was taken to the County Court.

On the trial, the defendant pleaded, that at the time of issuing the summons at the suit of the plaintiff, he was a resident citizen and freeholder, in the County of Lauderdale. To this the plaintiff replied, that the defendant had waived his privilege, in that he had agreed to leave the matter in contest between them to the settlement and adjudication of a justice of the peace in Limestone county. The defendant demurred to this reply, and the county court sustained the demurrer, and gave judgment for the defendant.

The plaintiff here assigns for error, that the court erred in not requiring the defendant to plead over, and in sustaining the demurrer.

P. MARTIN, for Plaintiff.

By Mr. Chief Justice LIPSCOMB :

The plaintiff sued the, defendant before a justice of the peace for Limestone county, and obtained judgment. The defendant appealed to the County Court, where he pleaded, that at the time he was sued, he was a resident and freeholder in the county of Lauderdale. The plaintiff replied, that the defendant had waived his residence in another county,

and consented to be sued in the county of Limestone. The defendant demurred to this replication, and the demurrer was sustained by the court.

The matter in controversy was under twenty dollars, and was not therefore subject to the technical rules of pleading. All such matters of defence should be set up by proof. It appears from the record before us, that this defence was not made before the justice of the peace; on the contrary, that the judgment was rendered by consent. It was certainly competent for the defendant when sued out of the county of his residence, to waive the objection; and if he did so before the justice of the peace, he will not be permitted to set up the defence on an appeal to the Circuit or County Court. In this case, we infer from the record, that the objection was waived by the defendant before the justice of the peace.

The judgment must, therefore, be reversed, and remanded.