## Paul *v.* Malone & Collins.

*Motion to set aside Return showing Service of Process.*

1. *Service of process, as shown by sheriff's return; evidence impeaching.* The return of a sheriff, showing service of process, imports verity, and casts on the party assailing it the burden of adducing evidence sufficient to overcome the presumption that the officer did his duty; and on motion to set aside the return, the bill of exceptions reciting that "the defendant introduced himself as a witness, and his testimony *tended* to show that the summons and complaint were never served on him," &c., and that "this was all the evidence in the cause," these recitals are not sufficient to enable this court to say that the lower court error in refusing to set aside the return.

APPEAL from the Circuit Court of Geneva.
Tried before the Hon. J. M. CARMICHAEL.

M. E. MILLIGAN, for appellant.

McCLELLAN, J.—The defendant below, appellant here, moved the court to set aside the return of the sheriff showing the service of a copy of the complaint on him. An issue of fact was made up on this motion, and submitted to the court; and the refusal of the court to vacate the return on the evidence introduced, constitutes the only matter now assigned as error.

The return of the sheriff imports verity, and the burden of proving it to be false rests on the party assailing it, and must be discharged by evidence sufficient to overcome the presumption arising from the fact that it was made in the line of his duty by a sworn officer.—*Dunklin v. Wilson,* 64 Ala. 162.

The bill of exceptions in this case recites: "In support of said motion, defendant introduced himself as a witness, and his testimony *tended* to show that the summons and complaint were never served on him," &c.; and that this was "all the evidence in the cause." Construing these statements of the evidence most strongly against the appellant, as the rule requires—3 Brick. Dig. p. 81, § 51—it appears that there was only a *tendency* of the evidence to establish certain facts. In cases like this, where this court is required to pass on the sufficiency of the evidence to support the conclusion of fact reached by the court below, it will not suffice to state

VOL. LXXXVII.

the mere tendency of the evidence. It can not be assumed that this mere tendency was sufficiently strong to overturn the presumption of the verity of the officer's return, and to reasonably satisfy the mind of the court that there had been no service of process. And, upon this ground, though it might be justified also on others, the judgment of the Circuit Court will be

Affirmed.