(80 South. 409)

THOMPSON v. UNION SPRINGS GUANO CO. (4 Div. 763.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. VENUE ⬤⟶32(2) — WAIVER IN CIVIL ACTIONS.

Venue statutes, in civil actions at least, confer a mere personal privilege, which may be waived by the party entitled to assert it.

2. CONTRACTS ⬤⟶127(4) — PLACE OF BRINGING SUIT.

It is competent for the parties to a contract to stipulate therein that either may sue the other, in an action founded on the contract, in any court within the state having jurisdiction of the subject-matter.

3. BILLS AND NOTES ⬤⟶102 — SIGNING IN IGNORANCE OF CONTENTS.

Although defendant's attention was not called to stipulation in note to effect that either party might sue the other in any court having jurisdiction of the subject-matter, where no misrepresentations were made and no concealment or other deception practiced upon defendant, she was bound by her signature to the note.

4. HUSBAND AND WIFE ⬤⟶85(1)—CONSTRUCTIVE FRAUD—CONFIDENTIAL RELATIONS.

The fact that defendant at the request of her husband signed note containing stipulation to effect that either party might sue the other in any court having jurisdiction of the subject-matter would not bring the case within the rule of constructive fraud, based upon confidential relations between the parties to the contract.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Action by the Union Springs Guano Company against Sallie M. Thompson. Judgment for plaintiff, and defendant appeals. Affirmed.

Norman & Rainer, of Union Springs, for appellant.

Earnest L. Blue, of Union Springs, for appellee.

SOMERVILLE, J. [1] Venue statutes, in civil actions at least, confer a mere personal privilege which may be waived by the party entitled to assert it. Woolf v. McGaugh, 175 Ala. 299, 307, 57 South. 754.

[2] In accordance with this theory of venue, we think it is clearly competent for the parties to a contract to stipulate therein that either may sue the other, in an action founded on the contract, in any court within the state having jurisdiction of the subject-matter. This is merely a waiver in advance of the defendant's right to be sued only in the county of his residence; and, not being contrary to public policy, such a waiver should be enforced as a valuable element of the consideration supporting the contract.

[3, 4] Although defendant's attention was not called to this stipulation in the note, no misrepresentations were made to her, and no concealment or other deception was practiced upon her, and she was therefore bound by her signature thereto. Wooddy v. Matthews, 194 Ala. 390, 69 South. 607. The fact that she signed at the request of her husband, in whom she freely confided, does not bring the case within the rule of constructive fraud based upon confidential relations between the parties to the contract, as declared in Wooddy v. Matthews, supra.

The trial court did not err in finding for the plaintiff on the plea in abatement to the jurisdiction.

The case was tried by the court without a jury, and the evidence was in material conflict, both upon the issue of payment and satisfaction and upon the issue of suretyship by defendant for a debt which was her husband's alone.

We have given due consideration to the evidence, and we are content to simply say that we do not feel justified in setting aside the finding of the trial court on these issues of fact.

Let the judgment be affirmed.

Affirmed.

SAYRE, GARDNER, and THOMAS, JJ., concur.

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes