(92 South. 260)

**BROWN v. ALABAMA CHEMICAL CO.**
**(3 Div. 551.)**

(Supreme Court of Alabama. Feb. 9, 1922.)

1. Contracts ⊙⊐127(4)—Suit on note held properly brought by agreement in county other than that of maker.

In action on a note in which defendant agreed that suit might be brought in a county other than that of her residence, a demurrer to a plea in abatement that defendant was a resident of a county other than that in which the suit was brought and that the waiver of defendant's right to be sued in the county of her residence was made without consideration and was void as against public policy was properly sustained.

2. Contracts ⊙⊐127(4)—Venue ⊙⊐17—Where court has jurisdiction of subject-matter objection to venue may be waived.

Where a court has jurisdiction of the subject-matter, venue is a personal privilege which may be waived, and a stipulation in a note that suit may be maintained in a county other than the residence of the maker is not contrary to public policy and is enforceable as a valuable element of consideration supporting the contract.

3. Pleading ⊙⊐194(1)—Demurrer to plea on ground that it did not go to the entire cause of action alleged held properly sustained.

In an action on a note, where defendant interposed a plea that plaintiff agreed that $2,000 of the debt should be extended to October, 1921, suit being brought in August acknowledging a credit and claiming a balance of $2,350, a demurrer to the plea on the ground that the plea did not go to the entire cause of action alleged was properly sustained.

4. Bills and notes ⊙⊐126—Note placed with attorney for suit is "placed in hands of an attorney for collection" authorizing agreed compensation.

Placing a note in the hands of an attorney for suit and judgment is equivalent to placing it in the hands of an attorney for collection, as respects right to attorney's fees stipulated for in the note "in the event same is not paid at maturity and placed in the hands of an attorney for collection."

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the Alabama Chemical Company against Mrs. M. E. Brown upon a promissory note. Judgment for the plaintiff, and the defendant appeals. Affirmed.

W. A. Gunter, of Montgomery, for appellant.

Court erred in sustaining demurrers to the defendant's plea in abatement. 84 Neb. 735, 121 N. W. 957, 50 L. R. A. (N. S.) 501; Chitty on Contracts, 6–25; section 5324, Code 1907; 223 Mass. 8, 111 N. E. 678, L. R. A. 1916D, 696; 94 U. S. 535, 24 L. Ed.

148; 5 Gray (Mass.) 174. The court erred in its charge as to attorney fees. 132 Ala. 274, 31 South. 715; 22 C. J. 84; 178 Ala. 284, 59 South. 593. Authority supra.

Ball & Beckwith, of Montgomery, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1] In this action by appellee against appellant on a promissory note plaintiff averred that "the defendant agreed in said note that suit thereon might be brought in Montgomery county, Ala." Defendant pleaded in abatement, to state her plea in brief, that she was a citizen of this state and a resident of Lowndes county and that the alleged waiver of her right to be sued in the county of her residence was made without any consideration and was void as against public policy. Demurrer to this plea was sustained and that ruling is assigned for error.

There is no reason to doubt that the trial court was controlled by the ruling in Thompson v. Union Springs Guano Co., 202 Ala. 327, 80 South. 409. The opinion in that case was based upon a theory of venue statutes, deduced from the decision in Woolf v. McGaugh, 175 Ala. 299, 57 South. 754, to the effect that such statutes, in civil cases at least, confer a mere personal privilege which may be waived by the party entitled in general to assert it. It is conceded that Woolf v. McGaugh was correctly decided, for the reason that the waiver in that case was based upon the failure of defendant to interpose a timely plea to the territorial jurisdiction of the court. Here the question is, whether in advance of suit a party may bind himself by a stipulation waiving his right to a specific venue.

Appellant relies upon a line of cases which had its beginning in Nute v. Hamilton Ins. Co., 6 Gray (Mass.) 174. In that case Chief Justice Shaw, noting that there was no authority upon which to determine the case, and after adverting to some considerations supposed to savor of public policy, said:

"But as already remarked, these considerations are not of much weight. The greatest inconvenience would be in requiring courts and juries to apply different rules of law to different cases, in the conduct of suits, in matters relating merely to the remedy, according to the stipulations of parties in framing and diversifying their contracts in regard to remedies."

Cases in the same line are to be found in the note to Nashua River Paper Co. v. Hammermill Paper Co., 223 Mass. 8, 111 N. E. 678, as reported in L. R. A. 1916D, 691.

It may be conceded that the inconveniences mentioned in Nute v. Hamilton Ins. Co., supra, would demand serious considera-tion in a case in which the effort might be made to change the venue of an action from state to state, and that, in such case, the stipulation would not be enforced by the courts; but, as to that, see L. R. A. 1916D, ubi supra, and 27 R. C. L. p. 785, § 8. Such was the case in Nashua River Paper Co. v. Hammermill Paper Co., supra, where it was held that a stipulation in a contract between a manufacturer and its sales agent, the one party being a Massachusetts corporation, the other a citizen of Pennsylvania, that no action should be brought in any court of any state or in any federal court, other than the court of common pleas of Pennsylvania, was held unenforceable, not precluding an action in Massachusetts.

[2] In Jefferson County Bank v. Carland, 195 Ala. 279, 71 South. 126, we noted the fact that formerly in England the place in transitory actions, if the cause of action arose within the realm, was never material. In this country, under statutes requiring actions to be brought in certain counties, some courts take the view that venue is jurisdictional. 40 Cyc. 110, 111. But the rule supported by the weight of authority is that, where the court has jurisdiction of the subject-matter, venue is a personal privilege which may be waived. 40 Cyc. 111. Accordingly, in those states in which this latter rule obtains, it is held that the parties to an action may make a valid agreement to fix the venue of an action in a particular county. Cases to this effect are cited in the note to State ex rel. Schwabacker v. Superior Court, Ann. Cas. 1912C, 815. This court has from the beginning stood committed to the latter view, as appears from the cases cited in Woolf v. McGaugh, supra. The conclusion, then, drawn by this court in Thompson v. Union Springs Guano Co., supra, and followed by the trial court in the case at bar, that such a stipulation is not contrary to public policy and should, at least in a case circumstanced as this, be enforced as a valuable element of the consideration supporting the contract, is sound. There was no error in the action of the court sustaining the demurrer to defendant's said plea in abatement.

[3] Defendant's second plea was, in substance, that, after the debt was due, plaintiff agreed that $2,000 of the debt should be extended to October, 1921. Suit was brought in August, 1921, acknowledging a credit and claiming a balance of $2,350. The demurrer, taking the ground that the plea did not go to the entire cause of action alleged, was well sustained.

[4] The note alleged in the complaint and shown in evidence disclosed an agreement—

"to pay 10 per cent. of the principal and interest as attorney's fee in the event same is not paid at maturity and placed in the hands of an attorney for collection."

Plaintiff introduced the testimony of a witness to the effect that 10 per cent. on the amount of the note and interest was a reasonable attorney's fee for suing on and collecting the note in suit. There was objection to this testimony on the ground that the special contract was to pay 10 per cent. in the event the note was placed in an attorney's hands for collection, not for the recovery of a reasonable fee for services in this case, and this objection being overruled, defendant excepted. The argument here is that, whereas the stipulation was to pay a fee in the event the note was placed in the hands of an attorney for collection, the court gave the stipulation the meaning of suing on the claim and reducing it to judgment—in other words the contention is for a variance. But to place the note in the hands of an attorney for suit and judgment—and, in connection with the fact, shown by the record, that the note had been placed in the hands of plaintiff's attorneys, this is the only rational interpretation of the evidence, which was without dispute—is to place it in the hands of the attorney for collection. And the jury were authorized to infer that such services were to be paid for according to contract, nothing to the contrary appearing. From these conclusions it follows that the trial court committed no error in its ruling on the evidence or in giving the general charge as requested by plaintiff.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.