(93 South. 641)

## STEWART v. CAPITAL FERTILIZER CO.
### (3 Div. 555.)

(Supreme Court of Alabama.   June 1, 1922.)

I. Process ⬅141 — Sheriff's return imports verity in the action in which made.

While a sheriff's return may be amended by the sheriff, and is not conclusive on a party in an action for false return or in a proceeding in equity or under the four months' statute to set aside a judgment rendered thereupon, it imports verity and cannot be contradicted or impeached in the action in which it is made.

2. Bills and notes ⬅486—Rejoinder, alleging fraud in procuring note providing for suit in maker's county, good as against demurrer for not showing fraud.

In action on a note in M. county, where defendant pleaded in abatement that the action was not begun in the county of his residence, and plaintiff replied that the note provided for suit in M. county, defendant's rejoinder, that the note was presented as an ordinary waive note, that he signed without reading and relied on the representations without knowledge of the suit clause, was good as against demurrer for not showing fraud by plaintiff, as not averring who made the representations, and that no facts connected plaintiff with any fraud which may have been perpetrated.

3. Monopolies ⬅21—Member of price controlling combination not prohibited from selling its goods.

Code 1907, § 7579 et seq., does not prohibit an alleged member of an unlawful trust or combination to control prices from selling its goods, nor invalidate its contracts relating thereto.

4. Licenses ⬅23—Fertilizer license not required to be under seal.

A state fertilizer license is not required to be under seal.

5. Licenses ⬅39—Burden of proof as to existence of license at date of sale.

Though, when issuance of a state license is brought into question, the burden of proof is on the one who should possess it, the burden was on defendant in an action on notes given

---

for fertilizer, bearing a date subsequent to date of license to plaintiff to sell fertilizer, to show that the sale of the fertilizer antedated the issuance of the license.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

The Capital Fertilizer Company sues S. E. Stewart on promissory notes. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint reads as follows:

"(1) Plaintiff claims of defendant $2,782.92, due by promissory note made by him on the 1st day of May, 1920, and payable on the 1st day of November, 1920, with the interest thereon.

"Plaintiff further claims of the defendant 10 per cent. of the principal and interest due on said note as attorney's fee, which defendant agreed to pay by virtue of a clause contained in said note.

"And plaintiff avers that in said note defendant waived all rights of exemption secured to him by law.

"Plaintiff acknowledges credits on said note as follows: November 20, 1920, $250. November 26, 1920, $250. December 15, 1920, $250. December 18, 1920, $250.

"(2) Plaintiff claims of the defendant $2,782.91, due by promissory note made by him on the 1st day of May, 1920, and payable on the 15th day of November, 1920, with interest thereon.

"Plaintiff further claims of the defendant 10 per cent. of the principal and interest due on said note as attorney's fee, which defendant agreed to pay by virtue of a clause contained in said note.

"And plaintiff avers that in said note defendant waived all rights of exemption secured to him by law.

"(3) Plaintiff claims of the defendant $2,782.92, due by promissory note made by him on the 1st day of May, 1920, and payable on the 1st day of December, 1920, with the interest thereon.

"Plaintiff further claims of the defendant 10 per cent. of the principal and interest due on said note as attorney's fee, which defendant agreed to pay by virtue of a clause contained in said note.

"And plaintiff avers that in said note defendant waived all rights of exemption secured to him by law."

The defendant filed his motion to quash the return of the sheriff on the ground that, whereas the return upon the summons and complaint shows service on March 5, 1920, same was in fact served on Sunday, March 6, 1920. After the trial court had sustained plaintiff's motion to strike this motion to quash, defendant filed its plea in abatement presenting the same proposition. To this plea the court sustained demurrer.

Defendant's plea in abatement No. 2 reads:

"That the plaintiff ought not to further prosecute this cause, and defendant ought not to be further required to plead to this cause, for that the defendant, at the time of the filing of this suit, and continuously for several years next prior thereto, resided in and was a bona fide resident of Morgan county, Ala., and at no time prior to, at the time of, or subsequent to, the filing of this suit, has the defendant resided in or been a citizen of Montgomery county, Ala., and that there is in Morgan county, Ala., a court of competent jurisdiction to try said cause, to wit, the circuit court of Morgan county, Ala. And the defendant makes oath that this plea is true."

Plaintiff replied to plea 2 as follows:

"Now comes the plaintiff and for replication to the defendant's plea in abatement No. 2 as to the jurisdiction of this court says that in each of the notes sued on it is provided as follows:

"'And should it become necessary to sue on this note the owner thereof may bring suit against the maker or indorser, or both, either in Montgomery county, Ala., or in the county of their residence, although the maker or indorser may not be or have been a resident of Montgomery county.'"

To the plaintiff's replication the defendant rejoined as follows:

"Comes the defendant in the above-styled cause, and in rejoinder to the plaintiff's replication filed herein to defendant's plea in abatement No. 2 says:

"'(1) That at the time of the execution of said note it was presented to the defendant by the plaintiff's agent for execution as an ordinary waive note, and represented to him to be such by such agent; that the defendant signed said note without reading it and relied upon said representation and without knowledge that said note contained such provision.

"'(2) The allegations of said replication are untrue.'"

The following grounds of demurrer were interposed by the plaintiff to defendant's rejoinder:

"(1) The facts set forth in said rejoinder do not, as a matter of law, show any fraud perpetrated by the plaintiff or its agent in and about the execution of said note.

"(2) Because it is not averred who made any representation to the defendant as to the contents of said note.

"(3) Because no facts are averred in said rejoinder in any way tending to connect the plaintiff with any fraud which may have been perpetrated by any one upon the defendant."

Hill, Hill, Whiting & Thomas, of Montgomery, and John R. Sample, of Hartsells, for appellant.

The court erred in not quashing the return of the sheriff. Code 1907, § 5298; 50 Ala. 384; 2 Port. 530, 27 Am. Dec. 665; 87 Ala. 544, 6 South. 351. Defendant's rejoinder to plaintiff's replication presented a good defense, and the court erred in sustaining demurrers thereto. 194 Ala. 390, 69 South. 607. It was error to sustain demurrers to pleas 2 and 3, setting up an unlawful combination to which plaintiff was a party. Code 1907, §

7579; 200 Ala. 492, 76 South. 434, L. R. A. 1918A, 280; 204 Ala. 593, 86 South. 386. The license, not being under the seal of the state, was inadmissible. 145 Ga. 19, 88 S. E. 577; 111 Ga. 13, 36 S. E. 299; (Ind. App.) 109 N. E. 234; 5 Pet. 292, 8 L. Ed. 133. Defendant having alleged that plaintiff had no license as required by law, the burden was cast upon plaintiff to show compliance with the law. 2 Ala. App. 307, 56 South. 595; 112 Ala. 493, 20 South. 613.

Rushton & Crenshaw, of Montgomery, for appellee.

If it can be fairly inferred from a sheriff's return that the requirements of law have been complied with, the return is sufficient. 32 Cyc. 498. A sheriff's return is conclusive in the action in which it was made. 201 Ala. 13, 75 South. 304; 8 Ala. 767, 42 Am. Dec. 666; 11 Ala. 752; 11 Ala. 98; 99 Ala. 79, 10 South. 154. In pleading fraudulent misrepresentation, it must be alleged that the representations were made with a fraudulent intent and for the purpose of inducing the other party to act on them. 12 R. C. L. 421; 13 N. Y. 322, 64 Am. Dec. 559; 20 Cyc. 99.

A member of an illegal combination in restraint of trade is not precluded from recovering on collateral contracts for the sale of its goods. 204 Ala. 593, 86 South. 386; 236 U. S. 165; 184 U. S. 540; 90 Miss. 72, 43 South. 947, 11 L. R. A. (N. S.) 368, 122 Am. St. Rep. 307; 163 Mich. 55, 127 N. W. 695, 30 L. R. A. (N. S.) 580, Ann. Cas. 1912A, 1022; 149 Ky. 615, 149 S. W. 915, 41 L. R. A. (N. S.) 1034. The great seal of the state can only be affixed to official documents signed by the Governor. Const. §§ 133, 135.

ANDERSON, C. J. [1] The sheriff's return imports verity and cannot be contradicted or impeached in the action in which it was made. Ingram v. Ala. Power Co., 201 Ala. 13, 75 South. 304. "The court must, of necessity, give credence to the acts of its own officers; otherwise, it would be impeded, at every step, by the trial of collateral issues." Dunklin v. Wilson, 64 Ala. 162; Brown v. Turner, 11 Ala. 752. This rule does not, of course, preclude the sheriff from amending his return in proper cases so as to make it speak the truth. Nor is said return conclusive on a party to the cause upon an action against the sheriff for a false return, or upon a proceeding in equity, or under the four months' statute to set aside a judgment or decree rendered thereupon. The defendant's motion and plea in abatement sought to contradict, or impeach, the return of the sheriff upon the summons, during the progress of the trial, and the trial court did not err in eliminating said issue from the case. The main case relied upon by appellant in support of the propriety of his plea, or motion, is Comer v. Jackson, 50 Ala. 384. This case, however, nor the ones there cited, does not conflict in the slightest with the present holding, as the irregularity or defect complained of appeared upon the face of the return and the court simply held that the question should have been raised in the lower court by motion or plea. In this Comer Case, supra, the contention was that the return showed on its face that the process was executed on Sunday. Here, the effort was to contradict, or impeach, the sheriff's return by showing that the date was wrong and that it was in fact executed on Sunday. In the case of Paul v. Malone, 87 Ala. 544, 6 South. 351, it does not appear whether the motion to set aside the return was a distinct proceeding, or was made during the trial, but the right to so make the same was not raised or considered by this court. Moreover, while the court in said case considered the evidence and affirmed the judgment, Judge McClellan in the latter part of the opinion evidently questioned the appellant's right to attack the return by the method pursued, by stating that the affirmance might be justified upon other grounds.

[2] The defendant interposed a plea to the venue, to which the plaintiff filed a replication setting up a clause in the note authorizing suit to be brought in Montgomery county, which this court has heretofore held was binding on the defendant. Thompson v. U. S. Guano Co., 202 Ala. 327, 80 South. 409; Brown v. Chemical Co. (Ala. Sup.) 92 South. 260.[1] Thereupon the defendant filed a rejoinder to said replication, setting up fraud on the part of the plaintiff's agent in procuring defendant's signature to the note, and the trial court sustained the plaintiff's demurrer to said rejoinder. The rejoinder sets up a misrepresentation of a material fact and that the defendant relied upon same without knowledge of its falsity. Section 4298 of the Code of 1907; Greil Bros. v. McLain, 197 Ala. 136, 72 South. 410. The rejoinder also avers that the misrepresentation was made by the plaintiff's agent when the instrument was presented to defendant to sign and sufficiently connects the plaintiff with the transaction. The rejoinder was not subject to the grounds of demurrer interposed thereto. Indeed, we doubt if it is subject to any ground of demurrer. True, it does not aver that the note was not in fact an ordinary waive note as represented by plaintiff's agent, but, if it contained the clause as set up in the replication, it was not, as matter of law, an ordinary waive note, and the rejoinder did not therefore have to negative this fact. Hunt v. Preferred Co., 172 Ala. 442, 55 South. 201. The trial court committed reversible error in sustaining the plaintiff's demurrer to this rejoinder.

---

[1] Ante, p. 215.

[3] Pleas 2 and 3 set up the fact that the plaintiff belonged to an unlawful trust, or combination, for the purpose of controlling prices at the time of the sale of the goods for which the notes were given. We are cited to Code 1907, § 7579. This section and its successors, as appearing in chapter 273 of the Code, are directed against pools and monopolies, and a punishment is there prescribed in the nature of a fine against the offending person or corporation; but we find nothing prohibiting such person or corporation from selling its goods or invalidating the contracts. The contract between this plaintiff and defendant was collateral to the agreement set up between the plaintiff and other members of the trust, or combination, and the illegality of the latter is not visited upon the former. Conally v. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679; Wilder Mfg. Co. v. Corn Products Co., 236 U. S. 165, 35 Sup. Ct. 398, 59 L. Ed. 520, Ann. Cas. 1916A, 118; Dreyfus v. Corn Products Co., 204 Ala. 593, 86 South. 386. True, in the last case, this court, in dealing with the demurrer to pleas 6, 7, and 8, affirmed the trial court in sustaining the same for the reason that they did not aver that the trust, or combine, arose in or existed in this state. This court did not hold, however, or intimate, that said pleas were otherwise good. Indeed, they could have been condemned for the same reason as applied to those which set up the violation of the federal statutes, and under the authorities there cited, as our statute, no more than the federal one, prohibits or invalidates the contract here sued upon. The case of Tallasee Oil & F. Co. v. Holloway, 200 Ala. 492, 76 South. 434, L. R. A. 1918A, 280, did not deal with this question. It involved a bill in equity making a direct attack on a monopoly, or unlawful business, and the opinion did not consider or deal with the right of the respondent to enforce its contracts or collections.

[4] We know of no law, and are cited to none in this state, which requires that the fertilizer license should be under seal, and which was the only ground of objection assigned to the introduction of the plaintiff's license.

[5] It is next insisted that from aught that appears, the fertilizers for which the notes were given were sold prior to the date of the license. In other words, that the plaintiff did not prove a license at the time the sale was made. True, when a license is brought into question the burden of proof is upon the one who should have the license to establish same, but the license was issued in December, 1919, the notes were May, 1920, and from aught that appears the consideration for the notes was contemporaneous with the execution of same. If the fertilizer was sold prior to the making of the notes and before the license of December, 1919, it was incumbent upon the defendant to prove this fact. The fact that the notes recite that the fertilizer for which they were given was tagged, branded, etc., did not indicate that the fertilizer was sold and delivered prior to giving the notes so as to prevent the same from being but one transaction. Moreover, Evans testified as to a business transaction with the defendant in 1920.

We doubt if the appellant's counsel's allusion to the first assignment of error amounts to such an argument, or insistence, as to merit consideration. It is sufficient, however, to suggest that the trial court did not err in refusing to quash the return.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

All Justices concur in the opinion except SAYRE, J. He concurs in the reversal of the case because there was no specific ground of demurrer pointing out any defect in the said rejoinder, but prefers to not commit himself to the sufficiency of same against an appropriate demurrer.

McCLELLAN, J. (concurring). The decisions in Thompson v. U. S. Guano Co., 202 Ala. 327, 80 South. 409, and in Brown v. Chemical Co. (Ala. Sup.) 92 South. 260,[2] declaring valid provisions of a contract undertaking to authorize action thereon in a county other than that of defendant's residence, constrain the writer to yield to their authority. The writer did not participate in the consideration of those deliverances. If the question was now presented for original decision, the writer would register the conclusion that such provisions are void as against public policy. The reasons, with the adjudged cases, supporting this view, are set forth in Nashua Paper Co. v. Hammermill Paper Co., 223 Mass. 8, 111 N. E. 678, L. R. A. 1916D, p. 691 et seq. (Rugg, C. J., writing), reaffirming this deduction of sound principle from the leading case of Nute v. Hamilton Mut. Ins. Co., 6 Gray (Mass.) 174 (Shaw, C. J., writing):

"The general principle on which this decision was made to rest was that it was not within the province of parties to enter into an agreement concerning the remedy for a breach of contract, which is created and regulated by law."

Our venue statutes (Code, § 6110 et seq., and section 6116, authorizing change of venue) prescribe the regulatory law within the rule of the principle quoted ante from the Nashua-Hammermill Case.

The complaint declared on several instruments as "promissory notes," without setting out their entire terms. Under our practice, a plaintiff may, of course, so declare on

---

[2] Ante, p. 215.

"promissory notes." If, however, the contractual stipulation · that suit might be brought thereon in Montgomery county—a county in which defendant was not and never has been resident (Code, § 6110)—is valid, and if that stipulation is an element of the contract evidenced by these instruments, it is evident 'that these instruments are something more than "promissory notes," the character of instrument declared on; and that, if the beneficiary of the instruments' obligation would avail of this feature of the contract, he should have undertaken to assert it in his initial pleading. On the other hand, if the stipulation is collateral only—contingent upon circumstances that may or may not intervene to afford condition or occasion for recourse to the stipulation's assurance—then some consideration for the defendant's surrender or waiver of his right, established by law, to be sued in the county of his residence, should have been averred in plaintiff's reply to defendant's plea in abatement. The demurrer to plaintiff's replication to defendant's plea in abatement numbered 2, pointing the objection that the replication averred no consideration moving to defendant for his agreement to suit in a county other than that of his residence, should have been sustained, not overruled as was the erroneous action taken. Of such a stipulation, Judge Shaw said, in Hall v. Ins. Co., 6 Gray (Mass.) 192:

"Even if such a stipulation is of any legal force, it .is *an executory* contract only. * * * *" (Italics supplied.)

It could not be specifically enforced in this action. Hall v. Ins. Co., supra. The only theory upon which, in this action, effect could be accorded the stipulation, is that for a consideration the defendant had theretofore divested himself of the legal right to be sued in the county of his residence. Nowhere in plaintiff's pleading was a consideration for this deprivation or surrender averred, thereby rendering the plaintiff's pleading demurrable.