2 So.2d 447

**HALLMARK v. VIRGINIA BRIDGE CO.**

6 Div. 798.

Supreme Court of Alabama.

May 24, 1941.

284

Walter S. Smith, of Birmingham, for appellant.

Erle Pettus, of Birmingham, for appellee Mrs. A. S. Hallmark.

BROWN, Justice.

This is an appeal by certiorari [Exchange Distributing Co. v. Oslin, 229 Ala. 547, 158 So. 743], authorized as the only mode of review in cases arising under the Workman's Compensation Act, Code 1940, tit. 26, § 253 et seq. The appellant's claim is based on the assertion that she is the widow of the deceased workman and therefore a dependent entitled to compensation under § 7552 of the Code 1923, Code 1940, tit. 26, § 280.

There is no controversy but what the appellant was at one time the lawful wife of the deceased workman, A. S. Hallmark, but the evidence goes to show that said Hallmark procured a divorce from her, September 26, 1939, on bill filed in the Circuit Court of Jefferson County, Bessemer Division, on the grounds of voluntary abandonment; that she acknowledged service of notice, or summons, and filed an answer, admitting the age and residence of the parties but denying the alleged abandonment.

The decree recites: "This cause, coming on to be heard at this Term, was submitted upon the Bill of Complaint, answer and waiver, and testimony as noted by the Deputy Clerk and Register; and, upon consideration thereof, the Court is of opinion that the Complainant is entitled to the relief prayed for in his said bill."

The evidence is without dispute that Jefferson County was the marital domicil, and that the parties resided in said county when the bill was filed, but not in the Bessemer District.

The contention made by the attorney for the appellant is that said divorce proceeding is subject to collateral attack, and that in such collateral attack it was permissible for the appellant to show that she did not sign or make said answer, or that if she did sign it, her signature thereto was procured by fraud, and cites as supporting his contention, Ingram et al. v. Ingram, 143 Ala. 129, 42 So. 24, 111 Am.St.Rep. 31.

The cited case holds that a decree of divorce rendered by a court of a foreign state or county may be impeached collaterally, by proof that the court granting the divorce was without jurisdiction, notwithstanding the recitals in the decree show jurisdiction.

To the same effect is Wells v. Wells, 230 Ala. 430, 161 So. 794, where the authorities are cited.

Such decisions rest upon the general principle that: "Jurisdiction over the subject-matter of divorce rests upon domicil, or at least residence animo manendi, of at least one of the parties, and it is established by the great weight of authority that, notwithstanding the full faith and credit provision of the Federal Constitution, a decree of divorce rendered in one state may be impeached and denied recognition in another upon the ground that neither of the parties had such domicil or residence at the divorce forum; and this, notwithstanding the recitals in the decree or record from the other state of the jurisdictional fact of domicil or residence." Note 39 A.L.R. 677, and authorities there cited.

That principle has no application in the instant case, where the decree was rendered by a court of competent jurisdiction sitting in the county of the undisputed domicil of both parties, on bill, answer and proof. The decree was not subject to collateral attack and the several rulings were free from error. 9 R.C.L. 456, § 267; 17 Am.Jur. 391, §§ 480, 481.

The statute fixing the venue of suits is for the convenience of the parties and may be waived. Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685; Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

The divorce proceeding eventuating in the dissolution of the marriage of the deceased workman and the appellant being conclusive against her claim as a depend-

ent, in this proceeding, she is without interest in the other questions argued and we pretermit consideration of them.

The judgment of the Circuit Court disposing of appellant's claim is free from error and is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.