50 So.2d 1

**JONES et al. v. PHENIX–GIRARD BANK.**

**4 Div. 579.**

Supreme Court of Alabama.

Jan. 18, 1951.

Patterson & Patterson, of Phenix City, for appellants.

Smith & Smith, of Phenix City, for appellee.

SIMPSON, Justice.

This is an appeal from a final decree dissolving an injunction restraining the appellee from foreclosing a mortgage on certain real estate of appellants, wherein an accounting was had between the parties stating the amount due on the mortgage debt and ordering a foreclosure of the mortgage.

The decree results from the consolidation by agreement of the parties of two causes of action filed in the same equity court (Russell Circuit). Appellee bank filed its bill seeking to foreclose a mortgage executed by appellants on certain real estate situated in Lee County. The defendants (appellants) then answered that they were not residents of Russell, but were residents of Lee County, where the land was situated, and the plaintiff bank then paid the accrued costs and requested the register to dismiss the suit, no formal order, however, having been entered. The bank then started to foreclose in Lee County under the power contained in the mortgage, and thereupon appellants filed their bill in the same equity court of Russell County, seeking to enjoin the said foreclosure, pending disposition of the case first filed by the bank against them, and praying for an accounting between themselves and the bank. The court thereupon, on the appellants making bond, issued a writ of injunction restraining the foreclosure of the mortgage.

Thereafter, the parties by agreement consented for the withdrawal of the motion to dismiss the original foreclosure suit and agreed to have both cases—the foreclosure suit of the bank and the suit for accounting and injunction filed by appellants—consolidated as one, and the court thereupon heard the two consolidated cases as one and proceeded to an accounting and statement of the amount due by appellants on the mortgage.

The evidence was heard ore tenus and, as observed, on final submission the court rendered a decree dissolving the injunction restraining the foreclosure of the mortgage, stated an account between the parties determining the amount due by the appellants to the bank under said mortgage, and directed the register to sell the real estate described in the mortgage before the courthouse door of Lee County, after due publication.

It must be conceded that this was a rather novel and informal procedure, but the parties having agreed to this method cannot now recede from it. A fair interpretation of the record is that the appellants waived any defense they might have had to the foreclosure action instituted by the bank in Russell County, for not only did they invoke the jurisdiction of the equity court of Russell County by their own bill for an accounting, but also by their amended answer to the original foreclosure action, wherein they made their answer a cross-bill, offered to do equity in the premises, and prayed for a full and complete accounting between the parties as to the amount of the mortgage indebtedness. This was tantamount to a complete waiver of their original defense to the foreclosure suit in Russell County, for having invoked the jurisdiction of equity for the purpose of an accounting and ascertainment of the mortgage debt, that court will retain jurisdiction and grant complete relief. Wilson v. Wilson, 246 Ala. 346, 20 So.2d 452; Lavretta v. First National Bank, 235 Ala. 104, 178 So. 3.

True, a foreclosure of a real estate mortgage in equity is due to be had either in the county where the land lies or in the county where the defendant, or a material defendant, resides; and the original plea of the defendants to the foreclosure of the mortgage in Russell County might have been well taken. Code 1940, Tit. 7, § 294; Reeves v. Brown, 103 Ala. 537, 15 So. 824; Clark v. Smith, 191 Ala. 166, 67 So. 1000.

But § 294 has been construed as a venue statute and may be waived by the parties, the court having general jurisdiction of the subject matter. White v. White, 206 Ala. 231, 89 So. 579; Woolf v. Mc-

Gaugh, 175 Ala. 299, 57 So. 754. Venue, therefore, in the instant case was waived by the appellants by the procedure outlined.

We find no error to reverse.

Affirmed.

BROWN, LIVINGSTON and STAKE-LY, JJ., concur.