218 So.2d 149

**ALABAMA STATE BAR ex rel. Robert E. STEINER, III, as President, et al.**

v.

**Bobby R. ADERHOLT.**

**3 Div. 294.**

Supreme Court of Alabama.

Jan. 23, 1969.

———◆———

Wm. H. Morrow, Jr., Gen. Counsel for Alabama State Bar.

Marion Rushton and J. M. Williams, Jr., of Rushton, Stakely & Johnston, Montgomery, for appellee.

COLEMAN, Justice.

The Alabama State Bar, acting by and through its officers, appeals from a judgment prohibiting appellant from further prosecuting any charges against appellee for any official actions taken on his part as Judge of the Winston County Court of Law and Equity.

The Bar Association commenced proceedings against appellee to discipline or disbar him for acts done by him in his capacity as judge. In all material respects, the charges are the same as the charges brought against the judge in Alabama State Bar ex rel. Steiner v. Moore, 282 Ala. 562, 213 So.2d 404. In the instant case, the trial court expressed the opinion that what was said in *Moore* would apply here. We agree.

In *Moore*, this court said:

"The issue upon which a disposition of this appeal rests is whether a judge may be disciplined or disbarred by the Board of Bar Commissioners of the State of Alabama during the term in which he is holding office for acts performed in a judicial capacity. Another aspect of the issue is whether a judge, while serving as such, is a member of the State Bar. We believe that better reasoned decisions of courts of other jurisdictions adhere to the principle that the Bar cannot remove or discipline a judge for conduct as such judge acting in his judicial capacity. (Citations Omitted), nor can the Bar remove or discipline a judge where the Constitution provides the exclusive method of removal. (Citations Omitted)" (282 Ala. at page 564, 213 So.2d at page 406)

On authority of *Moore,* the judgment here appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and BLOODWORTH, JJ., concur.