272 So.2d 240

**ALABAMA STATE BAR et al.**

v.

**S. A. WATSON, Deputy District Attorney, Twenty-Third Judicial Circuit.**

**SC 32.**

Supreme Court of Alabama.

Nov. 30, 1972.

Rehearing Denied Feb. 8, 1973.

William H. Morrow, Jr., Montgomery, for appellants.

Morring, Giles, Willisson, Higgs & Cartron, Huntsville, for appellee.

MADDOX, Justice.

The Alabama State Bar, and Bar officials, appeal from an order of the Circuit Court in Madison County which prohibits them from prosecuting further disciplinary proceedings against an attorney who was serving as a deputy district attorney of the Twenty-third Judicial Circuit.

The facts are not seriously disputed. S. A. Watson was a deputy district attorney. The district attorney's office was prosecuting the accused before the Hon. Richard H. Kempaner, Pro Tem. Judge of the Madison County Court, on a charge of indecent exposure. Watson did not represent the State at the hearing. The accused entered a plea of "not guilty." His defense was announced to be an alibi. The State offered one witness, who testified in support of the charge. The defendant's motion to exclude the evidence was granted. The defendant offered no evidence.

The ruling of Judge Kempaner was reported to District Attorney Fred Simpson, who decided, after conferring with Watson (appellee), that a public statement should be issued to the news media. A statement [1] drafted by Watson, and approved by the District Attorney, was released to the press and Watson appeared on local television and read or recited the statement.

The Grievance Committee of the Huntsville-Madison County Bar Association charged that Watson was guilty of violating or failing to comply with Rule 2, Section A, of the Rules Governing the Conduct of Attorneys in Alabama.[2] Watson was also charged with violating or failing to comply with Rule 36, Section A, Rules Governing the Conduct of Attorneys in Alabama, said Rule providing:

> "No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law."

These charges were filed and the president of the Board ordered a Commissioner

1. "Today the person appointed to fill the position of our County Judge during his absence ruled that a man sitting in a car totally nude at a YMCA parking lot, who called a young teenage girl to his car for the purpose of exhibiting his sexual organs to her is not guilty of indecent exposure. Regardless of one's personal feelings about what adults should be allowed to read and view, few will agree that a man should be allowed to call an unsuspecting young girl to his car and show her his sex organs for his own gratification. We all hear a great deal about not being able to legislate morals, but people will protect their own children and if the courts can't provide decent people with the protection that they deserve then very soon they begin to look to their own resources. Personally I fear this time."

2. "It shall be the duty of all persons heretofore or hereafter admitted to practice law in the State of Alabama . . . To maintain the respect due to the judicial officers and the Courts of Justice, State or Federal, within the State of Alabama."

to take testimony on the charges, the hearing to take place on December 10, 1971. The petition for writ of prohibition was filed on December 9. The trial court issued an order to the respondents (appellants) to show cause why they should not be restrained from further prosecuting the charges against Watson.

After various pleadings were filed and the petition for writ of prohibition was amended to include a copy of the charges filed against Watson, the trial court issued its order prohibiting the Bar and its officials from prosecuting Watson. The court, in substance, found that Watson, as deputy district attorney, was invested with all the rights, privileges and responsibilities of the district attorney and that his acts were the acts of the district attorney. The trial judge further determined that the Bar could not discipline the district attorney, and, consequently, was without authority to discipline Watson.

 Both parties argue the question of whether the Bar has the power to discipline a deputy district attorney, but we see no necessity to reach this question. As we view the matter, a jurisdictional problem is presented. It affirmatively appears from the record that the circuit court is attempting to supervise or control the action of the Board of Commissioners of the Alabama State Bar, which this Court has held acts under the judicial power of the State, as defined in § 139, Constitution, 1901. See Ex Parte Dozier, 262 Ala. 197, 77 So.2d 903 (1955). The Board of Commissioners is a board of state-wide jurisdiction, not limited

to any county or district in its field of operation. As such, the Board of Commissioners is not an inferior jurisdiction to the Circuit Court of Madison County with a field of operation limited to that circuit. Cf. Ex Parte Alabama Textile Products Corp., 242 Ala. 609, 7 So.2d 303 (1942). In *Alabama Textile Products Corp.*, this Court held that where a board or commission of state-wide jurisdiction has its principal place of business in Montgomery, the Circuit Court of Montgomery County is the only court which would have authority to issue a supervisory writ.

In Ex Parte Lewis, 236 Ala. 82, 181 So. 306 (1938) this Court refused to entertain an application for writ of mandamus filed against the president of the Board of Commissioners of the Alabama State Bar. The application was subsequently filed in the Circuit Court of Jefferson County, where the Board then had its principal place of business.[3] In Lewis v. Gerald, 236 Ala. 91, 181 So. 306 (1938), this Court said:

"This Court has held, on an application made by this petitioner, that the circuit court did have the power and authority to issue writs of mandamus in proper cases, and on proper showing, to the Commissioners of the State Bar, and to the members thereof, as well as to the members of the Grievance Committee, and that this Court would not entertain an original petition filed in this Court, seeking the issuance of such a writ. Ex parte Lewis, [236 Ala. 82,] 181 So. 306."

 We judicially know that the principal place of business of the Board of

3. In Ex parte Alabama Textile Products Corp., 242 Ala. 609, 7 So.2d 303 (1942), this Court explained why the petition for mandamus in Lewis v. Gerald, 236 Ala. 91, 181 So. 306 (1938) was filed in the Circuit Court of Jefferson County:

"But we have sustained the power of a circuit court to review by certiorari the ruling of a state board or commission (Alabama Power Co. v. City of Fort Payne, supra [, 237 Ala. 459, 187 So. 632]), and have recognized the right of such court to issue mandamus to it in a proper case (Ex parte Lewis,

236 Ala. 82, 181 So. 306; Lewis v. Gerald, 236 Ala. 91, 181 So. 306), when the circuit court doing so had original jurisdiction in the county where such board or commission had its principal place of business, though we did not emphasize that as the reason for doing so. We do not doubt that the Circuit Court of Montgomery County would have power to give such review to the order here in question, but we do doubt such authority of the circuit court of a county in which it did not sit, to hear the matter in controversy. . . . "

Commissioners of the Alabama State Bar is Montgomery. Under the law set out in Ex Parte Alabama Textile Products Corp., supra, the Circuit Court of Montgomery is the only court which would have jurisdiction to issue supervisory writs.[4]

The appellants do not argue the jurisdictional question, even though they filed a motion to set aside the final decree on the ground that the trial court was without jurisdiction, and the denial of this motion was assigned as error on appeal.

■ Lack of jurisdiction of a cause, whether argued or not, cannot be waived or supplied by consent. City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606 (1961).

■ The Board of Commissioners, under our state law, exercises judicial functions, and this Court is given broad powers to review the action of the Board of Commissioners, and may inquire into the merits of the case, and take *any action* agreeable to our judgment. Ex Parte Thompson, 228 Ala. 113, 152 So. 229 (1934). In "proper" cases we have approved of a procedure to allow petitions for extraordinary writs to be filed in the circuit court of the county where the Board of Commissioners have their principal place of business. *Lewis, Moore,* and *Aderholt,* supra. But we have not held that any circuit court of the state can supervise the Board of Commissioners.

■ Since the Circuit Court of Madison County was without jurisdiction to supervise the Board of Commissioners of the Alabama State Bar, the judgment was coram non judice and therefore void. The appeal from such void judgment is due to be dismissed.

Appeal dismissed.

HARWOOD, BLOODWORTH, McCALL and SOMERVILLE, JJ., concur.

4. It might be noted that in Alabama State Bar v. Aderholt, 283 Ala. 436, 218 So.2d 149 (1969) and in Alabama State Bar v. Moore, 282 Ala. 562, 213 So.2d 404

HEFLIN, C. J., and COLEMAN, J., dissent.

COLEMAN, Justice (dissenting).

The majority hold that the only circuit court having "jurisdiction" to entertain the application for the writ of prohibition to the Alabama State Bar is the Circuit Court of Montgomery County, that this lack of jurisdiction in the Madison Court is a matter of which this court must take notice ex mero motu, and that having taken such notice this court must hold the judgment against appellant to be void although the lack of jurisdiction is not assigned or argued as error.

As I understand the cases cited by the majority, none of them holds that Montgomery County is the only county having jurisdiction to issue extraordinary writs against appellant. In Ex parte Lewis, 236 Ala. 82, 181 So. 306, this court merely refused to entertain a petition for mandamus and said "Application should have been made to the circuit court."

In Lewis v. Gerald, 236 Ala. 91, 181 So. 306, this court observed that this court has held that the circuit court has power and authority to issue mandamus to appellant and will not entertain an original petition for mandamus. This court then proceeded to review on the merits a judgment of the Circuit Court of Jefferson County denying a petition for mandamus against appellant.

The majority say:

". . . . In *Alabama Textile Products Corp.,* this Court held that where a board or commission of state-wide jurisdiction has its principal place of business in Montgomery, the Circuit Court of Montgomery County is the only court which would have authority to issue a supervisory writ."

I must differ with the conclusion of the majority as there stated. In *Alabama Tex-*

(1968), petitions for writs of prohibitions were filed in the Circuit Court of Montgomery County.

*tile Products Corp.*, the petitioners had presented an original petition for certiorari to the Supreme Court seeking review of a decision of the Board of Appeals, Division of Unemployment Compensation, Department of Industrial Relations. There was no question as to whether the circuit court of any county had jurisdiction to entertain such a petition. No application for certiorari had been made to the circuit court of any county. The question before this court was whether this court should issue the writ although no application had been made to any circuit court.

*Textile Products* cannot be authority for holding Montgomery County to be the only court with jurisdiction to issue the writ, because in that case this question was not presented in any circuit court or in this court.

In *Aderholt*, 283 Ala. 436, 218 So.2d 149, this court affirmed a judgment of the circuit court granting prohibition against appellant. In *Moore*, 282 Ala. 562, 213 So.2d 404, also, the judgment granting prohibition was affirmed.

On reading the opinion of the majority, it seems to me that the "venue" of the suit for prohibition against appellant did not properly lie in Madison County. I am inclined to agree that on proper objection, the suit should not have been entertained in Madison County, but should have been transferred to Montgomery County Circuit Court. 1958 Recompiled Code of 1940; Pocket Parts, Title 7, §§ 64(1), 64(2).

". . . Generally jurisdiction and venue are separate and distinct. Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 75 So.2d 665. . ." Associated Grocers of Alabama v. Graves Co., 272 Ala. 158, 160, 130 So.2d 17, 19.

"The problems presented call for a proper understanding of the oft-confused and loosely-used terms 'jurisdiction' and 'venue.' The term 'jurisdiction' is used in several senses, but in its general and ordinary use, it means the *power* law-

fully conferred on a court to entertain a suit or proceeding, consider the merits, and render a binding decision thereon. 'Venue' refers to the particular county or other subdivision in which, for the sake of convenience or other commanding policy considerations, the cause is to be heard or tried. Industrial Addition Ass'n v. Commissioner, 1944, 323 U.S. 310, 65 S.Ct. 289, 89 L.Ed. 260; 14 Am. Jur., Courts, § 160; 56 Am.Jur., Venue, § 2." Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 667, 75 So. 2d 665, 667.

"A plea to the venue may be waived. A plea to the 'jurisdiction' should be filed before a general appearance or there is a tacit admission that the court has a right to judge. W. S. Fowler Rental Equipment Co. v. Skipper, 276 Ala. 593, 597, 165 So.2d 375." Ex parte Dothan-Houston County Airport Auth., 282 Ala. 316, 321, 211 So.2d 451, 455.

"The terms 'jurisdiction' and 'venue' are often confused and loosely used. In its pure sense 'jurisdiction' means the power of a court to entertain and consider a cause, and render a binding judgment therein. 'Venue' refers to the court in which for the sake of convenience or policy considerations the cause is to be tried. Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 75 So.2d 665." Ex parte Western Railway of Alabama, 283 Ala. 6, 10, 214 So. 2d 284, 287.

See also: McKinney v. Low, 1 Porter 129; Thompson v. Union Springs Guano Co., 202 Ala. 327, 80 So. 409; Brown v. Alabama Chemical Co., 207 Ala. 215, 92 So. 260; McCord v. Harrison & Stringer, 207 Ala. 480, 93 So. 428; Hallmark v. Va. Bridge Co., 241 Ala. 283, 2 So.2d 447; Jones v. Phenix-Girard Bank, 255 Ala. 51, 50 So.2d 1; Ex parte Moss, 278 Ala. 628, 179 So.2d 753.

It thus seems to me that the difference between jurisdiction and venue would require recognition here.

I am of opinion that the majority have not, in the instant case, recognized the difference between jurisdiction and venue. In the instant case, I submit that the Circuit Court of Madison County does have "jurisdiction" of the subject matter and the parties, but, the venue of the suit does not lie in Madison County.

On proper objection to the venue, the Madison County Court should have sustained objection to the venue and transferred the case to the Montgomery County Circuit Court.

As I understand the record, the Commissioners of the State Bar did make objection to the venue, but the trial court overruled the objection. Appellant, however, did not assign such ruling for error or argue such assignment in brief. In these circumstances, the error has been waived.

Lack of jurisdiction cannot be supplied by waiver, but objection to venue can be waived. By failure to raise the point on appeal, appellant has waived the objection to venue.

HEFLIN, C. J., concurs.