272 So.2d 245

**ALABAMA STATE BAR et al.**

v.

**Fred B. SIMPSON etc.**

**SC 31.**

Supreme Court of Alabama.

Nov. 30, 1972.

Rehearing Denied Feb. 8, 1973.

William H. Morrow, Jr., Montgomery, for appellants.

Morring, Giles, Willisson, Higgs & Cartron, Huntsville, for appellee.

McCALL, Justice.

The Grievance Committee of the Huntsville-Madison County Bar Association filed charges against the appellee, Fred B. Simpson, for violating or failing to comply with Rule 2 of Section A and Rule 36 of Section A of the Amended Rules Governing the Conduct of Attorneys in Alabama. These rules are found in 239 Ala. XXIII et seq. Rule 2 of Section A, supra, provides as follows:

"It shall be the duty of all persons heretofore or hereafter admitted to practice law in the State of Alabama:

\* \* \* \* \* \*

"To maintain the respect due to the judicial officers and the Courts of Justice, State or Federal, within the State of Alabama." 239 Ala. XXIII.

Rule 36 of Section A, supra, provides as follows:

"No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law." 239 Ala. XXV.

The said Fred B. Simpson serves as District Attorney in the Twenty-Third Judicial Circuit of Alabama. In support of the charges brought against him, it was alleged that on or about July 20, 1971, charges of indecent exposure which had been brought against a certain individual were dismissed by the acting judge of the Madison County Court. It is alleged that when the court's ruling was made known to District Attorney Simpson, " * * * the District Attorney decided that a public statement should be issued to the news media. Assistant District Attorney Sterl Arthur Watson, Jr., expressed his desire to make the public statement through the news media and drafted the following statement with the help and suggestions of the District Attorney, who approved the contents thereof * * *." It is further alleged that Watson released the statement to the newspaper and appeared on television to make the statement, all " * * * with the consent and approval of District Attorney Fred Bryan Simpson * * *." The merits of the charges brought against Simpson are not before this court, and no further details of the allegations need be set forth.

On December 9, 1971, Fred B. Simpson, appellee, filed in the Circuit Court of Madison County, a petition for writ of prohibition naming as respondents therein the Alabama State Bar, Robert B. Albritton, as President of the Board of Commissioners of the Alabama State Bar, and Jon H. Moores, as Commissioner appointed by the President to take testimony in the disciplinary proceedings pending against appellee. Appellee's petition prayed that a rule nisi

be directed to respondents directing that they desist from further proceeding in said cause, and directing that they show cause at a date and time to be fixed by the court. why they should not be prohibited from proceeding further with the said charges; and further praying that upon a final hearing a writ of prohibition be granted directing that respondents desist from all further prosecution of said charges against Fred B. Simpson.

This appeal is brought from the order of the circuit court that the writ of prohibition issue against respondents.

 In Alabama, the purpose of a writ of prohibition is to test the jurisdiction of a lower judicial body. The prerequisites for issuance of a writ of prohibition are usurpation or abuse of power by an inferior judicial or quasi-judicial tribunal, lack of another adequate remedy, injury to petitioner, and presentation of the question to the inferior tribunal before resorting to the writ. Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693; Hudson v. Sparks, 272 Ala. 203, 208, 129 So.2d 664. It is not necessary for us to consider whether this case contains facts which justify the issuance of a writ of prohibition. We are of the opinion, and hold, that even if this were such a case, the Circuit Court of Madison County did not have jurisdiction to direct such a writ to the Board of Commissioners of the Alabama State Bar.

Appellants raised the question of the jurisdiction of the Madison County Circuit Court by its plea in abatement, which was overruled.

We have held that the Board of Commissioners of the State Bar acting in its disciplinary capacity acts under the judicial power of the State and is a "court" within the meaning of Section 139 of our Constitution. Ex parte Dozier, 262 Ala. 197, 77 So.2d 903. See also Hudson v. Sparks, 272 Ala. 203, 208, 129 So.2d 664. And, we

have held that the Board of Commissioners, as well as any other state board or commission acting in a judicial capacity, is subject to the supervision by remedial writ of a circuit court in proper cases and on proper showing. Ex parte Lewis, 236 Ala. 82, 181 So. 306; Lewis v. Gerald, 236 Ala. 91, 181 So. 306.

■ However, rather than being subject to supervision of the circuit court of any circuit in which it carries on activities, a state board or commission is only subject to review by remedial writ from the circuit court where its principal place of business is located. We expressed this principle in Ex parte Alabama Textile Products Corp., 242 Ala. 609, 613, 7 So.2d 303, 306, as follows:

"But we have sustained the power of a circuit court to review by certiorari the ruling of a state board or commission (Alabama Power Co. v. City of Fort Payne, supra [237 Ala. 459, 187 So. 632]), and have recognized the right of such court to issue mandamus to it in a proper case (Ex parte Lewis, 236 Ala. 82, 181 So. 306; Lewis v. Gerald, 236 Ala. 91, 181 So. 306), when the circuit court doing so had original jurisdiction in the county where such board or commission had its principal place of business, though we did not emphasize that as the reason for doing so. We do not doubt that the Circuit Court of Montgomery County would have power to give such review to the order here in question, but we do doubt such authority of the circuit court of a county in which it did not sit, to hear the matter in controversy. * * *"

The principal place of business of the Board of Commissioners of the Alabama State Bar is in Montgomery, Alabama. Section 62(7) of Title 46, Code of Alabama, as amended, provides for the execution by the governor of a deed to the Alabama State Bar Foundation conveying a certain parcel of real property situated in Montgomery, Alabama, for the purpose of its constructing thereon a building which was to contain space for the administrative offices of the Alabama State Bar, "* * * for its board of commissioners * * *" and for various other functions and activities of the Bar. Title 46, § 62(1), Code of Alabama, as amended. This building, having been completed, is now used for said purposes.

Therefore, we hold that the Circuit Court of Montgomery County, in which Montgomery, Alabama, is located, is the court to which application should be made for supervision of the Board of Commissioners of the Alabama State Bar by remedial writ. See Alabama State Bar, ex rel. Steiner Aderholt, 283 Ala. 436, 218 So.2d 149; Alabama State Bar v. Watson, 289 Ala. 729, 272 So.2d 240, decided this same day. For the reason that the Madison County Circuit Court had no original jurisdiction to act in the premises, the court erred in entering an order granting the writ of prohibition. The judgment was void and the appeal from such void judgment is due to be dismissed.

Appeal dismissed.

MERRILL, HARWOOD, BLOODWORTH, MADDOX and SOMERVILLE, JJ., concur.

HEFLIN, C. J., and COLEMAN, J., dissent.

COLEMAN, Justice (dissenting).

I dissent in the instant case for the same reasons stated in my dissenting opinion filed this day in Alabama State Bar, et al. v. Watson, 289 Ala. 729, 272 So.2d 240.

HEFLIN, C. J., concurs.