## JAMIESON v. WIGGIN.

Under Const., Art. 5, §§ 10, 25, providing that no person shall be eligible to the office of judge unless he be learned in the law, a person, when elected to the office of county judge, must be either admitted, or entitled to be admitted, without examination, to practice as an attorney at law in the state.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Lincoln county. Hon. JOSEPH W. JONES, Judge.

Action by Ames R. Jamieson, as one of the electors of Lincoln county, to contest the right of George H. Wiggin to the office of county judge. From a judgment in favor of defendant, Plaintiff appeals. Reversed.

*C. B. Kennedy*, for appellant.

Under the provision, § 25, Art. 5, Const., to be eligible to the office of county judge, one must be either admitted to the bar, or entitled to be admitted, as learned in the law. Bac. Abr., Offices and Officers, 1; Throop, Pub. Off., § 71; Black's Law Dict., "Learned"; *In re* Thomas, (Colo.,) 13 L. R. A. 540;

*O. S. Gifford*, for respondent.

The defendant having received his certificate of election, is presumed to possess all the qualifications required by the constitution and laws. And this presumption is not overcome by proof of non-admission in the United States, as he may have been admitted in the British Possessions, or countries other than the United States.

HANEY, J. Defendant's right to hold the office of county judge is contested, on the sole ground that he is not "learned in the law" as required by the constitution. The referee before whom the cause was tried decided that the allegation of the plaintiff's notice of contest that the defendant is ineligible to hold the office of county judge is not sustained by the proof, and judgment was rendered in favor of defendant.

The constitution provides that no person shall be eligible to the office of judge of the supreme, circuit, or county court unless he be "learned in the law." Const. Art. 5, §§ 10, 25.

Defendant, as a witness for plaintiff, testified: "I have resided in Lincoln county since 1871. My business has been farming and well drilling. I have never been admitted to practice in any court of record in this state or in the United States. Never attended any regular law school. Never studied any law books, —only books of reference on the law and the statutes of this state. Never read any text-books on law. Have read the statutes of this state and of Iowa, but don't think I have read any others. Held the office of probate judge in the territory one term. Have held numerous township offices, and read the statutes relating thereto. Have never studied the practice relating to circuit courts. Have never been admitted to the su preme court of this state, and have never been examined for admission to the bar." The phrase "learned in the law," will be found in several state constitutions. It is alliterative, euphonious, vague and indefinite. A person who has never been admitted to the bar may be profoundly learned in the law, while one who has been admitted may be as profoundly ignorant of its principles. Between such a lawyer as Ambassador Choate and "Squire Tompkins of Tompkins Corners," there are as many degrees of learning in the law as there are members of the bar in the United States. Where, then shall the line be drawn in determining the qualifications of judges under this provision of the constitution? When and by whom shall the question be determined? It was certainly not contemplated that the educational qualifications of a candidate for supreme judge should be determined by a referee or jury in a contested election case, as might be the result were we to hold that his learning in the law is a question of fact, to be ascertained by an examination subsequent to his election. We think the phrase

must be construed as either requiring admission to the bar, or as a direction to the voters, their decision being conclusive. An extended research has discovered only one case in any degree anologous to the one at bar. The constitution of Texas requires that county judges "shall be well informed in the law of the state," and the supreme court of that state holds that the requirement was intended as a direction to the voters, and that a majority of the ballots settles the question. Little v. State (Tex. App.) 12 S. W. 965. After quoting from the constitution that court observes: "Nevertheless we are of opinion that it was never intended to fix a ground of qualification by terms so indefinite as the phrase, "well informed in the law.'" While the language of our constitution is not identical, it is as vague and indefinite as that of the Texas constitution. In the Minnesota constitutional convention of 1857, Mr. Flandreau and Mr. Emmett, who were, we believe, subsequently judges of the supreme court of that state, expressed the opinion that the phrase, "learned in the law." would be construed to mean "that the candidate shall be an attorney or counselor at law," and a motion to strike out the words was defeated. Debates & Proc. Minn. Conv. 1857, p. 513. The unpublished debates in our own constitutional conventions, on file with the secretary of state, disclose that the meaning of the words was not discussed, al though a motion to strike them out was made and voted down.

There is considerable force in the contention that, if the framers of the constitution had intended to require admission to the bar as a qualification, they would have employed more apt language to express such intention. On the other hand, it may be argued that the effect of the view taken by the Texas court is to practically annul the clause in question.

There being no satisfactory middle ground between these views, which one shall be adopted? There is a substantial difference between the constitution of Texas and the constitution of this state. In Little v. State, *supra*, it is said: "It is apparent that county judges were not required to be lawyers, because that qualification is expressly provided by the constitution for judges of the higher courts." Here the same qualification is required of supreme, circuit, and county judges, and it could hardly have been contemplated that our court of last resort should be composed of persons who have not at least, a *prima facie* title to the appellation of lawyer. The phrase was inserted for a purpose. It clearly indicates an intention to prescribe some sort of an educational qualification, and should be given some practical effect. Since the state was admitted, all political parties have acted upon the assumption that candidates for the office of supreme or circuit judge should be members of the bar. It would certainly surprise the legal profession and people generally to announce that any person not a lawyer might hold either of these offices. Under the constitution, there can be no distinction between supreme, circuit, or county judges with respect to this qualification; and we are constrained to hold that no one is eligible to either position who is not, when elected, either admitted, or entitled to be admitted, without examination, to practice as an attorney at law in this state. In other words, the fact that the candidate is learned in the law must have been ascertained by a competent tribunal prior to the election; the only and conclusive evidence of such fact being an admission to the bar by a court of this or some other jurisdiction authorized to license persons to practice as attorneys at law. When elected, the candidate must be an attorney

at law. As it affirmatively appears from undisputed evidence that defendant was not "learned in the law," within the meaning of that term as herein defined, the judgment of the circuit court is reversed, and the cause remanded, with directions to enter judgment in favor of the appellant.