## HOWARD v. BURNS *et al.*

1. A board of county commissioners has no authority to summarily declare the office of state's attorney vacant because of the illegibility of the incumbent, where he has entered on the duties of the office, and performed them for fifteen months, since such question could only be properly determined in a quo warranto proceeding in the proper court.

2. Plaintiff, as state's attorney for P county, brought mandamus against the county commissioners to compel them to issue a certificate for his salary, they refusing on the ground that plaintiff was not eligible to the office, never having been admitted to practice in any court of

record in the state. Const. Art. 5, §§ 24, 25, provide that no person shall be eligible to the office of state's attorney unless he be learned in the law, and the act of 1893 authorizes attorneys who have received a license from the supreme court of any other state to be licensed. *Held* that plaintiff's certificate of admission to practice in the Illinois supreme court was conclusive evidence that he was learned in the law, and hence such certificate was improperly excluded as evidence.

3. Under Comp. Laws 1887, § 1381, prescribing that, if a person elected to any office shall fail to qualify and enter on the duties of such office within the time fixed by law, such office shall be deemed vacant, and shall be filled by appointment, it was error for a board of county commissioners to declare the office of state's attorney vacant, and to fill the same, because the incumbent's bond nad not been approved by the county commissioners, as required by Comp. Laws, 1887 § 427, where the attorney had been duly elected to the office, had entered upon and performed his duties without objection for fifteen months, and had filed a sufficient bond, which had been approved by the county auditor.

4. Under Const. Art. 5, §§ 24, 25, providing that no person shall be eligible to the office of state's attorney unless he be learned in the law, Comp. Laws 1887, § 427, requiring persons eligible to the office of district attorney to be admitted to practice as an attorney in some court of record in the territory, was without effect, since the legislature could not prescribe additional qualifications, or modify those imposed by the constitution.

5. Where a board of county commissioners by an order refused to issue a warrant for the state's attorney's salary, a proceeding by mandamus to compel the commissioners to issue such warrant was not precluded by the fact that an appeal could have been taken from the order of the commissioners, the object of the proceeding being to secure recognition as such officer, and that he be restored to the office which had been declared vacant.

|Opinion Filed April 19, 1901.)

　　Appeal from circuit court, Potter county, Hon. Loring E. Gaffy, Judge.

　　Mandamus by Samuel M. Howard against Michael Burns and

others, to compel his recognition as state's attorney of Potter county, and the payment of his salary. From a judgment in favor of.defendants, plaintiff appeals. Reversed.

*Horner & Stewart,* for appellant.

*Robert B. Fisk,* for respondents.

CORSON, J. This proceeding in mandamus was commenced by the plaintiff, as state's attorney of Potter county, in July 1900, tc compel the board of county commissioners of said county to recognize him as such state's attorney, and to compel it to draw a county warrant for the quarter's salary to which he claimed to be entitled. The court below dismissed the action and from this judgment the plaintiff has appealed.

At the general election in 1898, the plaintiff was elected state's attorney of said Potter county, received his certificate of election, took the required oath, caused to be recorded and filed his official bond within the time prescribed by law, and entered upon the discharge of the duties of his office, and continued to discharge the same, receiving his salary therefor, until April 7, 1900. His bond was approved by the county auditor, but not by the board of county commissioners. On the last mentioned date the board of county commissioners adopted a preamble and resolutions, the material parts of which are as follows: "Whereas, Samuel M. Howard, at present claiming to be the state's attorney of Potter county, South Dakota, is not now, and never has been, admitted to practice law in the courts of this state, and it is not now, and never has been, authorized to appear as attorney in any court of record in this state; and, whereas, the law of this state requires that the incumbent of the office of state's attorney shall be 'duly admitted' to practice as an attorney in some court of record in this 'state'; and, whereas, * * *said Samuel M. Howard, although claiming to have been elected to said

office of state's attorney, at the election of 1898, and to have taken said office in January, 1899, has never, up to the date of this resolution, had his bond as such state's attorney approved by the county commissioners of said Potter county, as provided by law;  *  *  * Now, therefore, be it resolved, by the board of county commissioners of Potter county, South Dakota, that there now is, and for some time past there has been, a vacancy in the office of state's attorney of and for said county; and be it further resolved that Robert B. Fisk be, and he is hereby appointed the state's attorney of and for Potter county, South Dakota, to fill the said vacancy in the said office, and to serve during the remainder of the present term in said office, and until his successor shall have been elected and qualified according to law. He will give a bond as required by law, to be approved by this board. Offered, passed, 'done', and dated this April 7, 1900, by the board of county commissioners of Potter county, South Dakota." Thereafter, although plaintiff was at all times ready and willing to perform the duties of said office, the said board refused to recognize him as state's attorney of said county, and refused to draw a warrant for his salary for the quarter ending June 30, 1900. These facts were fully set out in the affidavit as the basis for a peremptory writ of mandamus requiring said board to recognize the plaintiff as sush state's attorney, and to draw its warrant in favor of the plaintiff for the quarter's salary then due. Defendants, in their answer, set out the fact that the plaintiff was ineligible to hold the office, because nòt learned in the law; and that the office was vacant by reason of the plaintiff's failure to have his bond approved by the board of county commissioners, instead of the auditor. The evidence in the case consisted of the testimony of the plaintiff, and certain exhibits. At the close of the evidence, plaintiff moved the

court to enter judgment in his favor upon findings of fact sub-mitted to the court, but this motion was denied, and on motion of the defendants the action was dismissed. The plaintiff objected to all evidence tending to show that the plaintiff was ineligible to hold the office on the ground that that the question of his eligibility could not be determined in this action, and he contends that the ruling of the court admitting such evidence was error. The plaintiff, on the trial, offered in evidence a certificate of his admission and license to practice law, issued by the supreme court of Illinois, which was objected to by the defendants, and excluded by the court. This ruling is also assigned as error. The plaintiff contends: First, that the question of his eligibility to hold the office could not be tried in this proceeding; second, that, if the question could be so tried, the certificate of the supreme court of Illinois would. if admitted in evidence, have established the · fact that the plaintiff was learned in the law, and therefore eligible to hold the office; third, that the failure of the plaintiff to have his bond approved by the board of county commissioners did not constitute a vacancy in the of-fice; and, fourth, that the bond was properly approved by the county auditor.

It is too clear for argument that the board of county commis-sioners had no power or authority to remove the plaintiff or de-clare the office vacant on the ground that he was ineligible. That is a question that can only be determined in a proceeding in the nature of a quo warranto in a proper court. Can the question of his eligibility be raised in this proceeding? As we have seen, it is contended by the plaintiff that it cannot, and authorities are cited on the part of the plaintiff to support his contention; but, in the view we take of the cause, we do not deem it necessary to discuss that question on this appeal, for, asuming that the question could be

properly determined in this proceeding, we are of the opinion that the certificate offered by the plaintiff and excluded by the court clearly establishes the fact that he was eligible to hold the office. That certificate, as we have seen, conclusively shows that the plaintiff was admitted to practice by the supreme court of Illinois. Section 24, art. 5, of our state constitution provides: "The legislature shall have power to provide for state's attorneys and to prescribe their duties and fix their compensation; but no person shall be eligible to the office of attorney general or state's attorney who shall not at the time of his election be at least twenty-five years of age, and possess all the other qualifications for judges of circuit courts as prescribed in this article." As this section refers to the qualification of judges as prescribed in the same article, we quote that section also: "No person shall be eligible to the office of judge of the circuit or county courts, unless he be learned in the law, be at least twenty-five years of age, and a citizen of the United States; nor unless he shall have resided in this state or territory at least one year next preceding his election, and at the time of his election be a resident of the county or circuit, as the case may be, for which he is elected." Section 25. The term "learned in the law", as used in this section, received a construction by this court in the case of Jamieson v. Wiggin, 12 S. D. 16, 80 N. W. 137, 46 L. R. A. 317. In that case this court, speaking by Mr. Justice HANEY, says: "The phrase was inserted for a purpose. It clearly indicates an intention to prescribe some sort of an educational qualification, and should be given some practical effect; * * * and we are constrained to hold that no one is eligible to either position who is not, when elected, either admitted, or entitled to be admitted without examination, to practice as an attorney at law in this state. In other words, the fact that the candidate is learned in the law must have been as-

certained by a competent tribunal prior to the election; the only and conclusive evidence of such fact being an admission to the bar by a court of this or some other jurisdiction authorized to license persons to practice as attorneys at law." It cannot be seriously claimed in this case that the supreme court of Illinois was not authorized to license persons to practice as attorneys at law. Under the act of 1893, as construed by this court, a person who has received a license from the supreme court of any other state may be licensed in this state. Certain other conditions are imposed by the statute, but they do not affect the question we are now considering, namely, was the plaintiff learned in the law? It is quite clear that, if the question was properly before the court in this proceeding, the plaintiff's certificate of admission in the state of Illinois would have established the fact that he was learned in the law, and was therefore eligible to hold the office of state's attorney. The learned circuit court clearly erred in excluding the certificate offered.

The next question presented is, was the office vacant by reason of the plaintiff's neglect to have his bond approved by the board of county commissioners within the time prescribed by law? By the Code of 1877 a district attorney was provided for each of the judicial districts, and it was provided that his bond should be approved by the county clerk. By the same act it was provided that the bonds of all county, township and precinct officers should be approved by the board of county commissioners, and, with the oath of office, should be filed with the county clerk. Section 5, chap. 5, Pol. Code, being section 1373, Comp. Laws 1887. In 1883, by chapter 43 of the Session Laws of that year, the sections providing for a district attorney were repealed, and provision made for the election of county attorneys, in which it was provided that the county attorney should execute a bond to the county, to be approved by the county

clerk. Section 427, Comp. Laws, 1887. In 1895 the law as it existed in 1877, and retained in the Compiled Laws of 1887, as section 1373, was amended. The section as amended makes no change in the old section so far as it effects county officers, and contains no repealing clause. Whether or not, therefore, the effect of the amendment was to abrogate the provisions of section 427 so far as they required the bond of the district attorney to be approved by the county auditor, we do not deem it necessary to decide. It is quite evident that the plaintiff proceeded upon the theory that the provisions of section 427 were in force, and in good faith had his bond approved by the county auditor, successor to the county clerk, instead of the county commissioners. No question is made as to the form of the bond, or the responsibility of the sureties. We are of the opinion, therefore, that the error, if any there was, in having the bond approved by the county auditor, does not affect the right of the plaintiff to the office to which he was elected. Section 1381 provides: "If any person elected to any office  * * *  shall fail to qualify and enter upon the duties of such office within the time fixed by law, such office shall be deemed vacant and shall be filled by appointment." It will be noticed that there are two conditions— "shall fail to qualify and enter upon the duties of such office." As we have seen in this case, the officer in good faith proceeded to qualify, and did enter upon the duties of his office, and for a period of fifteen months was fully recognized as such officer by the board of county commissioners. It cannot be said, therefore, that he failed to enter upon the duties of his office, and in our view of the case, the board were not authorized, at the time they assumed to declare a vacancy in this office, to make such declaration. It would be giving the statute too strict a construction to hold that an officer, by a mere mistake in the construction of the law as to the

party who should approve his bond, could be deprived of his office. It is well settled that both he and his sureties are liable upon the bond for any breach of its conditions, notwithstanding it may have been approved by the wrong officer. Mendocino Co. v. Morris, 32 Cal. 145. In that case the action was upon the bond. The court, in its opinion, says: "The fact that the bond was approved by the county judge, instead of the board of supervisors, is no defense to the action. The liability of the sureties does not depend upon the approval of the bond by the proper officers." In 4 Am. & Eng. Enc. Law. (2d Ed.) 667, the rule is thus stated: "If a bond which is intended to be given pursuant to the requirement of a statute—e. g. as an incident of, or condition precedent to, the creation of a right, the enjoyment of some benefit, or the exercise of certain functions— does not conform to the statutory requirement as to parties, subject-matter, execution, or official approval, it will be held invalid if the variance is material, and the provision not merely directory, and if the sole consideration is the statutory requirement." But the author in a note says: "Provisions requiring official approval of bonds are held to be directory merely, and hence an irregularity or entire failure in this respect does not affect the validity of the bond," citing a large number of authorities from the several states. Undoubtedly, if the plaintiff had failed to execute and have approved and filed any bond, the omission might be considered a refusal to serve. Its omission might be a ground for holding the office vacant. But a mere defect in the approval cannot have that effect, especially if the party has discharged the duties of the office, and been recognized as such officer, for the larger part of the term, by the party whose duty it may be to approve the bond. It is true that by section 1385 it is provided that the office shall become vacant on failure to qualify as provided by law, but we think this section must

be read in connection with section 1381, which provides that, if any pereson elected shall fail to qualify and enter upon the duties of such office within the time fixed by law, such office shall be deemed vacant. The mere fact, therefore, that an officer, who in good faith has attempted to qualify, and has entered upon and discharged the duties of his office, has through a mistake of law had his official bond approved by an officer not authorized to approve it, where no claim is made that the bond is not executed in conformity with law, or that the sureties are not responsible, is not sufficient, after he has been a long time in the discharge of his duties, and been fully recognized as such officer, to authorize a board of county commissioners to declare the office vacant. We are of the opinion, therefore, that the resolution of the board declaring the office vacant was unauthorized, and that the plaintiff, being ready and willing to perform the duties of the office, was entitled to be recognized as such officer, and to h's salary for the term.

The respondents insist that under the provisions of section 427, Comp. Laws, the appellant, in order to be eligible to the office, was required to be "duly admitted to practice as an attorney in some court of record in this state." But we are of the opinion that this provision of the law of 1883, carried into the Compiled Laws as section 427, cannot control or affect the constitutional provision, which provides that the qualification of a state's attorney shall be that he is "learned in the law." It is not competent for the legislature to add to or take from this qualification made by the constitution. The effect of that provision can only be determined by the courts. While it is true that all statutes in force prior to the adoption of the constitution, not repugnant to or inconsistent with the constitution, remained in force after its adoption, it was such laws only that remained in force; and a statute inconsistent with the constitution

was necessarily repealed by it. Undoubtedly, it is competent for the legislature to provide other conditions, such as good moral character, etc.; but it cannot modify the qualification in respect to being learned in the law, provided by the constitution.

Again, it is insisted on the part of the respondents that, as the plaintiff had a right to appeal from the order of the board refusing to order a warrant drawn for his salary for the quarter ending June 20, 1900, he should have appealed, and cannot invoke mandamus proceedings to compel the board to issue the warrant. It will be observed, however, that one of the objects of this proceeding was to require the board to recognize the plaintiff as state's attorney. To secure such recognition and to be restored to the office from which he was wrongfully removed by the board, the proceeding by mandamus was the only proper one; and we are of the opinion that for the purpose of compelling the board to issue its warrant this proceeding was the proper one. Under the decision of the late territorial supreme court, in Spencer v. Sully Co., 4 Dak. 474, 33 N. W. 97, it was competent for the appellant to bring an original action in the circuit court to recover the amount due him, or to proceed by mandamus to compel the board to draw its warrant therefor. That court, in the case cited, has shown very conclusively, we think, that a party cannot be concluded by the action of the board of county commissioners in denying his claim, although he fails to appeal from the order in the manner prescribed by the statute; but he may appeal if he chooses to do so. That decision is applicable under our constitution, as it, like the organic act, vests the judicial powers in the supreme court, the circuit courts, the county courts, and justices of the peace, and such other courts as may be created by law for cities and incorporated towns. No judicial power, it will be seen, is vested in boards of county commissioners, nor is the legislature

authorized to vest such powers in such boards. Certain *quasi* judicial powers were, under the organic act, and may be under our present constitution, vested in such boards; but a party who has a cause of action against the county is not precluded from enforcing his right of action by the fact that he has presented the claim to the board, and its payment refused. While, possibly, it may be competent for the legislature to require all claims to be presented to the board as a condition precedent to the right to enforce the same in the courts, it cannot make the action of the board conclusive unless an appeal should be taken therefrom. There are matters, however, in which the board exercises certain *quasi* judicial powers, which can only be transferred to the circuit court by appeal. Taubman v. Board, 14 S. D. ——84 N. W. 784. It is quite clear, therefore, that the appellant, in instituting this proceeding in the circuit court, has proceeded regularly, and his action is not barred by reason of his neglect to appeal from the order of the board of commissioners. The judgment of the circuit court is reversed, and a new trial ordered.