(118 So. 45)

No. 29138.

In re BORIE et al.

May 7, 1928.  On the Merits, July 2, 1928.

Charles F. Fletchinger, Nicholas Callan, and John R. Upton, all of New Orleans, for Disbarment Committee of Supreme Court.

Edgar M. Cahn, William F. Conkerton, and Leon S. Cahn, all of New Orleans, for respondent Borie.

Emerson Bentley, of New Orleans, for respondent Dowling.

On Exception of No Cause of Action.

ST. PAUL, J.  The disbarment committee of the court seeks the disbarment of Fabian W. Borie and Richard A. Dowling, members of the bar, alleging, in substance, that said Borie aided and abetted certain other persons in an endeavor to compound a prosecution for felony then pending before the criminal district court for the parish of Orleans, and that said Dowling lent him his assistance in doing so.

Both defendants have filed an exception of no cause of action.

The said Borie, however, has abandoned and waived his said exception and asked for a speedy trial.

The said Dowling insists upon his exception.

His exception is based on the assumption that the committee charges only that it *"believes"* that said Dowling has done the things set forth in the complaint. This, however, is an erroneous conclusion as to the meaning of the complaint. The words of the

complaint are, "your committee believes and so alleges," etc. And defendant assumes that this means merely that the committee believes and therefore alleges *its belief* in the facts set forth, whereas the evident meaning of the words is that the committee believes and therefore alleges *that the facts are* as set forth in the complaint; in other words, the committee charges the facts, upon information and belief, and that suffices.

Again, it is alleged in the complaint that at the time of said occurrence said Dowling was an assistant district attorney in and for the parish of Orleans; and it is assumed that this is an attempt to inquire into his *official conduct* as such, in a manner not authorized by law.

We do not think so; the official conduct of public officers is not subject to review in disbarment proceedings, for what they do *officially* is not done in the capacity of attorneys at law, but by virtue of their office. State v. Standard Oil Co., 164 La. 334, 113 So. 867; State ex rel. Duffel v. Marks, 30 La. Ann. 97, 113.

We take it, then, that the only purpose of the committee in referring to the fact that Dowling was an assistant district attorney at the time, was merely to aggravate the nature of his alleged misconduct as an attorney at law; for certainly it is only in that respect that this matter is at all material here, especially as Dowling is no longer in office, having resigned.

The exceptions of no cause of action are therefore overruled.

### On the Merits.

This is an original proceeding in this court, the nature of which has already been stated in our opinion overruling the exception of no cause of action heretofore filed.

The evidence has been heard in open court, and the only question is whether the disbarment committee has sustained its charges against these defendants.

If the evidence of one Bocage is to be believed, the committee had serious grounds for charging the defendant Borie with aiding and assisting him (Bocage) in attempting to compound a certain criminal prosecution for felony, then pending before the criminal district court for the parish of Orleans.

But the facts are that said Borie at first knew nothing of said attempt to compound a felony, but was given to believe, by the defendant in said accusation of felony, that the said Bocage and two others were attempting to blackmail him (the said accused) and extort from him, though innocent, a large sum of money as the price of compounding the charge against him. This information may not have been true; but the result was that Borie laid the matter before the proper authorities, that an investigation was made, that a charge of compounding a felony was laid against the two alleged associates of Bocage, and Bocage used as a state witness against them, that the two alleged associates were acquitted of the charge laid against them.

Thereafter the charge of felony laid against that accused who had first informed Borie of Bocage's alleged attempt to blackmail him was abandoned.

We are therefore of opinion that the evidence in this case does not support the charge that the defendant Borie was guilty of the misconduct charged against him.

As to the defendant Dowling, he was the assistant district attorney before whom Borie laid the alleged blackmailing efforts of Bocage. His sole connection with the matter was that he advised Borie to get up all the evidence he could, and that he summoned before him Bocage, whom he (Dowling) understood to be the party whom the other two (since acquitted of compounding a felony) were attempting to blackmail. Bocage nev-

er appeared before him. In the press of other official business, the matter passed out of his mind, but was thereafter again brought to the attention of the then district attorney himself, through other channels, with the result that, after investigation, the two alleged associates of Bocage were charged with compounding a felony, and acquitted as above said.

The petition for disbarment is therefore denied as to both defendants.

O'NIELL, C. J. I concur in the decree rendered in this case because the evidence heard on the trial, which is conflicting and irreconcilable in some respects, does not convince me that the defendants were guilty of the grave charge against them. That is particularly true of Judge Dowling, whose ignorance of the fact that Bocage and others were engaged in compounding a felony made him (Judge Dowling) the victim of circumstantial evidence. Borie, who is young and inexperienced as a lawyer, was very indiscreet in undertaking, as he says, to procure evidence that one of the parties to the compounding of a felony was imposing upon another of the parties in the unlawful transaction. We all agree that the disbarment committee was justified in prosecuting this proceeding on the evidence that was brought before the committee.