CHAMBERS v. CENTRAL COMMITTEE OF OKLAHOMA BAR ASS'N et al.

No. 34600.   Nov. 21, 1950.

*224 P. 2d 583.*

Ned Looney, of Oklahoma City, and R. D. Hudson, of Tulsa, for petitioner.

Wm. S. Hamilton, of Pawhuska, and Richard B. McDermott and John H. Poe, both of Tulsa, for respondents.

WELCH, J.   The purpose of this action is to prohibit the Central Committee of the Oklahoma Bar Association from proceeding against plaintiff here upon a complaint which seeks disbarment or suspension of plaintiff, or some other disciplinary action against plaintiff at the hands of the Bar Association. Plaintiff here, who is a regularly elected judge of a court of record of Oklahoma, alleges complete lack of jurisdiction and lack of authority in the Bar Association or any of its officers or committees to investigate and take bar proceedings against him, plaintiff, in the manner undertaken.

The complaint presented to the Central Committee was prepared by a grievance committee of practicing attorneys, or committee of prosecutors, and in material substance presented the accusation or charges against the plaintiff herein, Judge Chambers, that while holding his court, that is, while presiding in open court, he was guilty of unprofessional conduct and unethical conduct on the bench by his citation for contempt of an associate judge of the same court, or by his threat to issue such citation, and by his ordering certain witnesses to be subpoenaed for hearing thereon, and by intemperate language used and uttered in connection with the suggested contempt of his court by the other judge.

In the complaint exception was taken in general terms to the demeanor and facial expression of Judge Chambers, and it was charged that thereby and by the loud boisterous and intemperate language used, the Judge gave evidence to those in the courtroom that he was then swayed by some uncontrolled emotion perhaps arising from anger or hatred or perhaps from using intoxicating liquor. But the complaint made no charge whatever that in fact the Judge had been drinking liquor, that he was to any extent intoxicated, or in fact under the influence of intoxicating liquor.

The complaint charged that the above actions, so-called demeanor and facial expressions, and statements ascribed to the judge, were reprehensible, and constituted conduct unbecoming to a gentleman and to members of the Oklahoma Bar Association. It was charged that same constituted or demonstrated on the part of the judge a lack of appreciation and understanding of proper professional conduct and of the ethical standards of the Oklahoma Bar Association.

In the complaint the committee then concludes and charges that by such conduct Judge Chambers violated certain canons of ethics for attorneys at law and for judges in that upon the bench he was governed by ill feelings, indulged in personalities, sought newspaper publicity, was guilty of impropriety and improper personal behavior on the bench and was swayed in his action on the bench or in his judgment by consideration of personal popularity or notoriety, conducted his court without fitting dignity and decorum, and therein and thereby violated his oath as an attorney at law.

The prayer of the complaint is as follows:

"Wherefore, your prosecuting committee prays that the Central Committee either immediately refer this complaint to another grievance committee or the Central Committee take original jurisdiction and conduct a hearing on this complaint and, after said hearing has been conducted, that such order be made and entered as may be meet, just and proper in the premises."

It is not indicated whether the committee seeks the disbarment of Judge Chambers, or to suspend him for a fixed period, or to reprimand or rebuke him.

It is implied from the complaint that the other judge was not in fact guilty of any contempt of the court of Judge Chambers, but the complaint does not disclose or indicate whether the other judge was in fact cited or tried for such contempt and either convicted or acquitted.

The Committee of the Bar Association contends that it has the authority to so proceed before the Bar Association to accuse and try any judge of a court in Oklahoma, whether State or Federal judge, if it is deemed that any such judge has been guilty of misconduct on the bench.

We cannot agree with that contention. That position overlooks the fact that any such judge is not presently an attorney at law. In Soda v. Marriott, 130 Cal. A. 589, 20 P. 2d 758, at 761, it was expressly pointed out that "one elevated to the bench is no longer an

attorney at law." A judge is precluded from being an attorney at law so long as he holds the judicial position. It would seem not necessary to cite further authorities on the point.

The attorneys at law of Oklahoma are authorized to take action against their associate attorneys at law and it is their duty, so to speak, to "police" their associates as to professional conduct. Many instances occur when they perform their duty in that respect in an admirable manner. The present high standing of the profession testifies to that. But the attorneys at law are officers of the courts. If the attorneys practicing in the trial courts over the state have the authority to prescribe the conduct of trial judges on the bench, then it would be their duty to do so and to press for punishment for any conduct on the bench which should be thought to go beyond the prescribed proprieties in any case. We think that would clearly be contrary to public policy.

Furthermore, the Committee of the Bar Association overlooks the fact that the organization or integration of the Bar of the state gives no such power or authority to the Bar nor to any committee thereof.

Of course, the Bar Association in a proper case may proceed against any attorney at law, and may accomplish his disbarment and thus stop him from practicing law. There is express provision for that in the legal integration of the Bar. See In re State Bar, 185 Okla. 505, 95 P. 2d 113. See, also, Amendments to Rules approved Oct. 5, 1949, in Case No. S.C.B.D. 1062, 20 Okla. Bar Journal 1519 (issue of Oct. 29, 1949). And that is the most that may be accomplished in any such action against an attorney at law. But the Bar Association cannot stop a judge from practicing law. He is not practicing law. He has already been stopped from practicing law by going on the bench. No such proceeding by the Bar could remove the judge, no matter how reprehensible the alleged misconduct should be. That can only be accomplished in the manner prescribed by the law applicable to the judicial position involved. And there is no provision of law by which such a bar proceeding could form any part of an action to remove a judge from office. Therefore, the proposed action is futile, and could accomplish no effective purpose as to the status of the judge, as well as being without legal authority.

We agree that every judge should be gentlemanly on the bench, and should engage in no intemperate conduct there, and should not there seek public notoriety or that which is referred to by the Bar Association Committee as "newspaper publicity," and that the judge should never be swayed by consideration of personal popularity or notoriety. We would not approve any part of the conduct of Judge Chambers if he did and said the things in the manner, and with the motive as charged. We do not infer either that the charges are true and justified or that the accusation is without justification. Whether Judge Chambers is guilty of misconduct on the bench or is not guilty, the question for us to determine is whether the Bar Association is the proper forum for trial of the issue. We hold it is not. There is proper legal procedure for trial of any judge who should be charged with misconduct on the bench. The forum therefor is the duly constituted court which by law has jurisdiction as to the particular judicial office or as to the particular misconduct involved.

Sometimes, in the stress of judicial service, some judges in their zealous earnestness use language which, by the practicing attorneys, might be thought to be intemperate or loud and boisterous. At such times the so-called facial expressions or demeanor might be misconstrued, or in the minds of some, might arouse exceptions and feelings of objection. For every such instance we are all sorry, but that is not to say that the attorneys have au-

thority to proceed against the judges in such a case. The judges of all our courts must have independence, and they do have. While that independence does not give them the right to indulge in the conduct referred to in this paragraph, it surely must give them freedom from supervision by the practicing attorneys in their courts and freedom from any requirement that they answer and stand trial before the attorneys, and before the Bar Association, no matter how much those present in court are provoked by the sternness of the language or by language thought to be too loud or by that conduct which is termed demeanor or facial expressions.

The opposite rule and practice contended for, as we have heretofore pointed out, could not accomplish any good, but would result in nothing more than discord, and could result in confusion, pernicious partisan political activity concerning the judiciary, and other results not beneficial to the administration or justice, or desirable in connection with the service to be rendered by the bench and bar.

Sometimes attorneys, in their advocacy in court, and under the stress thereof, use intemperate language or loud and boisterous language, and they are sometimes guilty of what might be termed improper demeanor or the exhibiting of improper facial expressions, or other such misconduct. That has rarely been presented as cause for disbarment or other disciplinary action by the Bar Association. Usually such matters are handled by the presiding judge.

The rule has always been followed in Oklahoma, in federal courts and in state courts, that it is the authority and duty of the presiding judge to supervise the conduct, demeanor and statements of the attorneys at law, and when necessary to discipline attorneys for intemperate language, indulging in objectionable personalities, and like misconduct. We do not know of any foundation for a rule that would clothe the attorneys with authority to supervise the conduct, demeanor and expressions of the judge and to discipline or rebuke the judge in formal proceedings, for things which they construe to be violations of ethics or of rules of good conduct.

It is most regrettable when any judge issues or threatens to issue an unjustified citation for contempt, or indicates that any action he takes is based upon anger or ill feelings or is taken under great emotional stress, but surely no correction of any such misconduct can be had by action or proceedings by the practicing attorneys, which action would have as its purpose the administering of a reprimand or a rebuke to the judge.

No decisions are cited which sustain the authority of attorneys-at-law to so proceed in any jurisdiction.

We observe cases in which action has been taken against judges who were convicted of felonies committed by them while they held the position of judge, and for acts involving moral terpitude and the like. These decisions have no bearing on this case and therefore are not cited or specifically referred to. The Bar Committee cites our former decision in the Bozarth case, 178 Okla. 427, 63 P. 2d 726. There is nothing in that decision contrary to our conclusion and determination here.

The case of Weston v. Board of Governors of State Bar, 177 Okla. 467, 61 P. 2d 229, is not exactly in point, but in passing upon the contentions in that case we did point out in the opinion that "The State Bar may not control or supervise the judges." We still believe in the soundness of that expression.

In Oklahoma misconduct of a judge may be dealt with in certain cases by criminal prosecution, or in certain cases by actions to remove the judge from office, or in the case of elective judicial office he may be dealt with by the citizens at the voting places. There is no rule making a judge answerable

to a group of his own profession, the Bar Association. It is so as to all state officials. They are all answerable to the law, and to the courts as provided by law, and to all the people under the election plan. When it is sought to make a judge, or any official, answerable to any other forum or in any other character of proceeding, then legal authority therefor must appear. There is here no such legal authority and it is our duty to grant prohibition to the end that this unauthorized action shall not proceed further.

Cases supporting our view emphasize the thought that in safeguarding the independence of the judiciary and sustaining the strength of the judicial branch of government, it is necessary to enforce the rule that the judges are not answerable to the attorneys for alleged misconduct. See In re McGarry, 380 Ill. 359, 44 N. E. 2d 7, and cases there cited.

For the reasons stated, the Central Committee of the Oklahoma Bar Association is prohibited, for lack of jurisdiction and authority, from proceeding further in the matter of the complaint by the prosecuting committee against Judge H. E. Chambers.