181 So.2d 105

**OPINION OF THE JUSTICES**

No. 186.

Supreme Court of Alabama.

Dec. 15, 1965.

The inquiry of the Governor is as follows:

November 23, 1965

Honorable Chief Justice
and Associate Justices
of the Supreme Court of Alabama
Judicial Building
Montgomery, Alabama

Gentlemen:

Under the Provisions of Act No. 141, House Bill 255, passed in the Second Special Session of 1965 and approved by me on October 1, 1965, I must appoint a qualified person to hold the office of Judge and the office of Solicitor until the next general election for Circuit Judges and Circuit Solicitors, respectively.

One of the persons being considered by me is presently a member of the House of Representatives of the State of Alabama and was a member of that body, which passed Act No. 141.

One of the persons I am considering for appointment is not a member of the Alabama Bar Association, although I am advised that he is a member of the American Bar Association and of the Georgia Bar Association.

Section 154 of the Constitution provides: Chancellors and judges of all courts of record shall have been citizens of the United States and of this state for five years next preceding their election or appointment and shall be not less than twenty-five years of age, and, except judges of probate courts, shall be learned in the law.

Section 167 of the Constitution provides in part that Solicitors must be "learned in the law".

I have the following important constitutional questions:

1. Under the provisions of Section 59 of the Constitution of Alabama, could I appoint a person to the office of Judge or Solicitor under Act No. 141, if the person to be appointed was a member of the House of Representatives which created the offices?

2. Does Section 154 of the Constitution require that the person, who I appoint as Judge under Act No. 141, be admitted to the Bar of Alabama and be admitted to the legal profession?

3. Does Section 167 of the Constitution require that the person who I appoint as Solicitor under Act No. 141, be admitted to the Bar of Alabama and be admitted to the legal profession?

> Sincerely yours,
> George C. Wallace
> Governor

The act referred to by the Governor (No. 141, HB 255) amends Title 13, § 112 of the Code, as amended, by making Lawrence County a separate circuit (No. 36), and thereby authorizing appointment of a new circuit judge and a new solicitor by the Governor.

Honorable George C. Wallace
Governor of Alabama
State Capitol
Montgomery, Alabama

Dear Sir:

We acknowledge receipt of your communication of November 23, 1965, in which you request an opinion of the individual Justices of this Court on certain constitutional questions as follows:

"1. Under the provisions of Section 59 of the Constitution of Alabama, could I appoint a person to the office of Judge or Solicitor under Act No. 141, if the person to be appointed was a member of the House of Representatives which created the offices?"

Article 4, Section 59, Constitution of Alabama 1901, provides as follows:

"No senator or representative shall, during the term for which he shall have been elected, be appointed to any office of profit under this state, which shall have been created, or the emoluments of which shall have been increased during such term, except such offices as may be filled by election by the people."

■ We answer your first question in the affirmative. The construction of Section 59 alone leads us to that conclusion. If the section ended just before the word "except," no member of the Legislature could ever be appointed, during his term, to any office created by the Legislature of which he was a member. But the words, "except such offices as may be filled by election by the people" must have some meaning. The only reasonable construction is that excepted from the rule of Section 59 is an appointment to an office which "may be filled by an election by the people."

We know that the offices of Circuit Judge and Circuit Solicitor (soon to be District Attorney) are offices of profit and are filled by election by the people. Therefore, they come within the exception in Section 59.

The historical background gives credence to this holding. Section 59 of the 1901 Constitution is identical with the corresponding section of our first Constitution of 146 years ago—Article III, Section 25, Constitution of 1819. It was readopted without

change in each of the 5 Constitutions adopted since then (Art. III, Sec. 25, 1861, Art. IV, Sec. 20, 1865, Art. IV, Sec. 19, 1868, Art. IV, Sec. 17, 1875, Sec. 59, 1901).

When the Constitution was adopted in 1819, all Judges and Circuit Solicitors were elected by the Legislature. It is obvious that the framers of our Constitution in 1819 wanted to prohibit a member of the Legislature from creating any offices for themselves, which was not subject to a vote of the people. In 1861, Circuit Judges began to be elected by the people but Judges of the Supreme Court and Chancellors continued to be elected by the Legislature until 1868; and Circuit Solicitors continued (except from 1868 to 1875) to be elected by the Legislature until the Constitution of 1901 required their election by the people.

The Legislature continues to elect some people to offices of profit and it is this type of office that is forbidden for a legislator to create and accept appointment to during his term as a member of the Legislature.

Our case history sustains this view. Only three of our cases have been called to our attention where this question was raised. In State ex rel. Attorney General v. Porter, 1 Ala. 688, decided in 1840, this court properly held that a member of the Legislature, which created a new circuit could not be elected as judge of that circuit *by the Legislature*. (We have already shown that in 1840 circuit judges were elected by that body.) And in Montgomery v. State, 107 Ala. 372, 18 So. 157, decided in 1894, it was held that a member of the Legislature, which had created the office of Police Judge in Birmingham, could not be elected to that position by the Legislature, the mode of election prescribed in the law. Finally, in Opinion of the Justices, 244 Ala. 386, 13 So.2d 674, decided in 1943, the court unanimously held that members of the Legislature could not be elected by the Legislature to the War Emergency Council since it was an office of profit.

Thus we see that every time the question has come to this court in the past, it

was a case where the member of the Legislature was elected or going to be elected *by the Legislature* to an office created by it and on which the people had no opportunity to vote or choose the occupant.

In contrast, in 1939, a member of the Legislature was appointed to a circuit judgeship created during his term in the Legislature and no question was raised in the courts concerning the validity of the appointment.

■ We think the exception in Section 59 makes the test whether or not the office can be filled by a vote of the people. If it is such an office, the exception in Section 59 permits a member of the Legislature to be appointed; but if the people are not permitted to vote on the occupant of the office, the prohibition in Section 59 applies.

"2. Does Section 154 of the Constitution require that the person, who I appoint as Judge under Act No. 141, be admitted to the Bar of Alabama and be admitted to the legal profession?"

Article 6, Section 154, Constitution of Alabama 1901, provides as follows:

"Chancellors and judges of all courts of record shall have been citizens of the United States and of this state for five years next preceding their election or appointment, and shall be not less than twenty-five years of age, and, except judges of probate courts, shall be learned in the law."

Question 2 calls for a construction of Section 154 and an ascertainment of the meaning of the phrase "learned in the law" as used by the framers of the Constitution. We have found no better discussion of this phrase than that contained in the opinion of the Supreme Court of South Dakota in Jamieson v. Wiggin, 12 S.D. 16, 80 N.W. 137 (1899). There, the court was construing a provision of the Constitution of South Dakota providing that no person could be eligible for the office of county judge unless he "be learned in the law."

The defendant was elected to the office but had not been licensed to practice in South Dakota. The Court held that he could not qualify for the position of county judge. We are impressed with the clarity of the Court's reasoning which follows:

"* * * The phrase, 'learned in the law' will be found in several state constitutions. It is alliterative, euphonious, vague, and indefinite. A person who has never been admitted to the bar may be profoundly learned in the law, while one who has been admitted may be as profoundly ignorant of its principles. Between such a lawyer as Ambassador Choate and 'Squire Tompkins, of Tompkins Corners,' there are as many degrees of learning in the law as there are members of the bar in the United States. Where, then, shall the line be drawn in determining the qualifications of judges under this provision of the constitution? When and by whom shall the question be determined? It was certainly not contemplated that the educational qualifications of a candidate for supreme judge should be determined by a referee or jury in a contested election case, as might be the result were we to hold that his learning in the law is a question of fact, to be ascertained by an examination subsequent to his election. * * *

"* * * Since the state was admitted, all political parties have acted upon the assumption that candidates for the office of supreme or circuit judge should be members of the bar. It would certainly surprise the legal profession and people generally to announce that any person not a lawyer might hold either of these offices. Under the constitution, there can be no distinction between supreme, circuit, or county judges with respect to this qualification; and we are constrained to hold that no one is eligible to either position who is not, when elected, either admitted, or entitled to be admitted, without examina-

tion, to practice as an attorney at law in this state. In other words, the fact that the candidate is learned in the law must have been ascertained by a competent tribunal prior to the election; the only and conclusive evidence of such fact being an admission to the bar by a court of this or some other jurisdiction authorized to license persons to practice as attorneys at law. When elected, the candidate must be an attorney at law. As it affirmatively appears from undisputed evidence that defendant was not 'learned in the law,' within the meaning of that term as herein defined, the judgment of the circuit court is reversed, * * *."

The above opinion has been cited with approval by the Supreme Court of Pennsylvania when it was called upon to construe a provision of the Pennsylvania Constitution requiring that certain judicial officers "be learned in the law." That Court said in Freiler v. Schuylkill County, 46 Pa. Super. 58, (1911), that:

"It has been held that the term 'learned in the law' means that the person is 'either admitted or entitled to be admitted without examination to practice as an attorney at law in the state. The term 'learned in the law' clearly indicates an intention to prescribe some sort of an educational qualification, and should be given some practical effect; and therefore no one is eligible as a judge who is not, when elected, either admitted or entitled to be admitted, without examination, to practice as an attorney at law. To be learned in the law means that the person must have been ascertained by a competent tribunal prior to his election or appointment: Jamieson v. Wiggin, 12 S.D. 16, 80 N.W.Repr. 137, 46 L.R.A. 317, 76 Am.St.Rep. 585; Howard v. Burns, 14 S.D. 383, 85 N.W.Repr. 920."

We are impressed with the logic of the above opinions and believe them con-

sistent with the meaning of the language of our Constitution. Therefore, Question 2 is answered in the affirmative, it being our thinking that the framers of the Constitution intended that all persons holding the offices of circuit judge must be lawyers admitted to practice in Alabama or entitled to be admitted without further examination.

"3. Does Section 167 of the Constitution require that the person who I appoint as Solicitor under Act. No. 141, be admitted to the Bar of Alabama and be admitted to the legal profession?".

Article 6, Section 167, Constitution of Alabama 1901, provides:

"A solicitor for each judicial circuit or other territorial subdivision prescribed by the legislature, shall be elected by the qualified electors of those counties in such circuit or other territorial subdivision in which such solicitor prosecutes criminal cases, and such solicitor shall be learned in the law, ' * * *."

For the reasons stated above in connection with Question 2, we think that the phrase "learned in the law" requires that a circuit solicitor be admitted to practice law in the State of Alabama or eligible for admission without further examination. This conclusion is consistent with an opinion of the Attorney General, Biennial Report, 1934–1936, pp. 416–417, that a solicitor "must have met the requirements of the law relative to admission to the bar of Alabama and must have been admitted to practice the legal profession" at the time he qualified for the office of solicitor.

Question 3, therefore, is answered in the affirmative.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
JOHN L. GOODWYN

PELHAM J. MERRILL
ROBERT B. HARWOOD
Associate Justices

Inasmuch as the foregoing answers to Questions 2 and 3 dispose of the inquiry, we prefer not to express an opinion as to Question 1. We do concur in the answers to Questions 2 and 3.

Respectfully submitted,

ROBERT TENNANT SIMPSON
JAMES S. COLEMAN, Jr.
Associate Justices