213 So.2d 404

**ALABAMA STATE BAR ex rel. Robert E. STEINER, III, as President**

**v.**

**Bob MOORE, Jr., as Judge of the Twenty-Fifth Judicial Circuit.**

**3 Div. 273.**

Supreme Court of Alabama.

July 11, 1968.

Rehearing Denied Aug. 22, 1968.

Wm. H. Morrow, Jr., Gen. Counsel for Alabama State Bar.

KOHN, Justice.

On July 10, 1964, the Grievance Committee of the Alabama State Bar preferred charges against the appellee, Bob Moore, Jr., for violating or failing to comply with Rule 36, Section A of the Rules Governing Conduct of Attorneys in Alabama, as last amended, and as formulated and promulgated by the Board of Commissioners of the Alabama State Bar, and approved by the Supreme Court of Alabama. Rule 36, Section A, supra, provides as follows:

"No person heretofore or hereafter admitted to practice law in Alabama, shall * * *

"No person licensed to practice law in the Courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law."

Goodwyn, Smith & Bowman, Montgomery, and Curtis, Maddox & MacLaurin, Jasper, for appellee.

Appellee, Bob Moore, Jr., filed a special plea, in essence, challenging the jurisdiction of the Board of Commissioners of the Alabama State Bar to discipline a duly qualified and acting Circuit Judge, and alleging, inter alia, that "the Constitution and laws of the State of Alabama provide that Judges of the Circuit Courts can be removed from office only by the Supreme Court of Alabama."

Robert E. Steiner, III, as President of the Alabama State Bar, issued an order that on September 21, 1966, evidence would be taken in said cause before Honorable William B. Eyster, a Commissioner designated by the President.

On August 31, 1966, appellee filed his petition for writ of prohibition, praying that a rule nisi issue directed to said Robert E. Steiner, III, as President of the Alabama State Bar, and to said William B. Eyster, as Commissioner, designated by said President, directing that they desist from further proceeding in said cause, and directing that they show cause at a date and time to be fixed by the Court why they should not be prohibited from proceeding further with the said charges; and further praying that upon final hearing a writ of prohibition be granted, directing that Robert E. Steiner, III, as President of the Alabama State Bar, William B. Eyster, as Commissioner designated by the said President, the Board of Commissioners of the Alabama State Bar, and all other officers and committees, desist from the further prosecution of said charges against Bob Moore, Jr.

In support of the charges brought against the appellee, it was alleged that a large number of divorces were granted by the appellee to parties "which he knew or had reasonable cause to believe" were not bona fide residents of the State of Alabama. The principal facts alleged to establish such knowledge were: That the names of the parties were strange to the names of native Alabamians; that some of the pleadings were not signed by an attorney, nor the address of a pro se party stated; and that costs in some cases were paid by certain named attorneys in Birmingham and Haleyville. There was no assignment of facts showing immoral or improper conduct on the part of appellee in his private capacity.

■ The issue upon which a disposition of this appeal rests is whether a judge may be disciplined or disbarred by the Board of Bar Commissioners of the State of Alabama during the term in which he is holding office for acts performed in a judicial capacity. Another aspect of the issue is whether a judge, while serving as such, is a member of the State Bar. We believe that better reasoned decisions of courts of other jurisdictions adhere to the principle that the Bar cannot remove or discipline a judge for conduct as such judge acting in his judicial capacity, In re Borie, 166 La. 855, 118 So. 45; In re McGarry, 380 Ill. 359, 44 N.E.2d 7, nor can the Bar remove or discipline a judge where the Constitution provides the exclusive method of removal. In re Jones, 202 La. 729, 12 So.2d 795; Petition of Colorado Bar Association, 137 Colo. 357, 325 P.2d 932; Chambers v. Central Committee of Oklahoma Bar Association, 203 Okl. 583, 224 P.2d 583; In re Strahl, 201 App.Div. 729, 195 N.Y.S. 385; State Bar of California v. Superior Court in and for Los Angeles County, 207 Cal. 323, 278 P. 432.

■ In this jurisdiction, the early decision by Justice Peters, in the case of State v. Gardner (1869), 43 Ala. 234, is authority for the principle that when a judge is once inducted into office, and is competent to hold such office when elected, he could only be ousted or removed in the manner prescribed in the Constitution of Alabama. Although State v. Gardner, supra, interpreted an earlier constitutional provision, this provision is similar to the provision involved in this case. Justice Peters stated the reasoning of the court, as follows:

"* * * When a judge is once inducted into office, and is competent to hold it when elected, he can only be ousted or removed in the manner prescribed by the constitution of the State.

If he has been guilty of an impeachable offense, he must be impeached before the senate. If he has been guilty of an offense 'for any willful neglect of duty, or any other reasonable cause which shall not be a sufficient ground of impeachment,' he must be removed by the governor, 'on the address of two-thirds of each house of the general assembly.' Const. of Ala. [1868], art. 4, § 23, ib. art. 6, §§ 1, 23. These articles of the constitution clearly vest in certain departments of the government the jurisdiction to try impeachments, and to try applications for removal of judges from office in this State. This makes the jurisdiction exclusive, and no other tribunal can exercise the powers thus conferred, except those departments of the government mentioned in the constitution itself. Expressio unius est exclusio alterius, is a maxim acknowledged by this court to be a rule of law as well as of logic. This forbids a different construction of the constitution than that here insisted on.— Broom's Max. 505; The State, ex rel. [Attorney General] v. Porter, 1 Ala.R. 688, 698; Hamilton v. Williams, 26 Ala. 527, 531; Haley v. Clark, 26 Ala. 439; Const. of Ala., art. 3, §§ 1, 2. * * * "

This, in substance, means that there can be no collateral approach to ousting a judge, for such prerogative is reserved to the State by the Constitution. In effect, the action of the Bar amounts to an attempt to remove a judge by indirection rather than by constitutional means.

■■■ Here, the acts complained of were not by a judge in his alleged capacity as a lawyer, but were judicial actions. Erroneous or reprehensible as they may be, the conduct complained of was not conduct unbecoming an attorney at law enumerated by Rule 36, Section A of the Rules Governing Conduct of Attorneys in Alabama. It is, therefore, clear that the forum for actions against lawyers is a separate forum or jurisdiction than that provided by the Constitution for ousting judges. Article 4, §

60, Article 6, § 154, and Article 7, § 175 of the Constitution of Alabama, 1901, are the constitutional provisions relative to judges that are important in this case, and are as follows:

"Sec. 60. No person convicted of embezzlement of the public money, bribery, perjury, or other infamous crime, shall be eligible to the legislature, or capable of holding any office of trust or profit in this state."

"Sec. 154. Chancellors and judges of all courts of record shall have been citizens of the United States and of this state for five years next preceding their election or appointment, and shall·be not less than twenty-five years of age, and, except judges of probate courts, shall be learned in the law."

"Sec. 175. The clerks of the circuit courts, or courts of like jurisdiction, and of criminal courts, tax collectors, tax assessors, county treasurers, county superintendents of education, judges of inferior courts created under authority of section 168 of this constitution, coroners, justices of the peace, notaries public, constables, and all other county officers, mayors, intendants, and all other officers of incorporated cities and towns in this state, may be removed from office for any of the causes specified in section 173 of this constitution, by the circuit or other courts of like jurisdiction or a criminal court of the county in which such officers hold their office, under such regulations as may be prescribed by law; provided, that the right of trial by jury and appeal in such cases shall be secured."

Appellant, in its brief, cites Stone v. State (1925), 213 Ala. 130, 104 So. 894, which is the answer of this court to a certified question from the Court of Appeals. The answer to that question was prepared by Judge Gardner and involved § 1558 of the Code of Alabama 1907, which is now Title 41, § 162, Code of Alabama 1940, Re-

compiled Code 1958. This section reads as follows:

"When any person, holding any office or place under the authority of this state, is sentenced by any court of the United States, of this state, or any state, to imprisonment in the penitentiary, or hard labor for the county, his office or place is vacated from the time of the sentence; and if the judgment is reversed, he must be restored; but if pardoned, he must not."

The issue in the *Stone* case, supra, was whether the section, above quoted, was in violation of Article 7, Sec. 175, Constitution 1901, supra, when considered in connection with Article 7, Sec. 173, and Article 4, Sec. 60, of the Constitution, 1901. In Stone v. State, it was argued that since the office involved was a county office, that such county officer is removable only on the grounds of impeachment, specified in Article 7, Sec. 173, Constitution of Alabama, 1901, and only in the manner as prescribed in Article 7, Sec. 175, supra. It was claimed that, under such circumstances, the provisions of § 1558, Code 1907, supra, were violative of these constitutional provisions. The court among other things, held that § 1558, supra, should be considered in connection with Article 4, Sec. 60, of the Constitution 1901. The court held that § 1558, supra, was in harmony with Article 4, Sec. 60, supra, and gave force and effect thereto. The court also held that Article 4, Sec. 60, supra, was to be read in pari materia with the impeachment provisions, supra, in that both were of equal weight and dignity.

In Opinion of the Justices (1965), 279 Ala. 38, 181 So.2d 105, this court held that the Constitutional provision, supra, requiring that chancellors and judges of all courts of record be "learned in the law" requires that they be admitted as members of the Bar of Alabama, or entitled to be admitted as members without further examination as "ascertained by a competent tribunal." The appellant, therefore, contends that this court should read Article 6, Sec. 154, supra, in pari materia with the impeachment provisions, give it equal weight and dignity, and allow the "competent tribunal," i. e., the Bar Association to discipline a judge. We do not agree.

We think it proper to point out the reasoning of the court in Stone v. State, supra, in holding that Article 4, Sec. 60, of the Constitution, 1901, supra, did not run contrary to Article 7, Sec. 175.

" * * * Section 175 of the Constitution, dealing with the question of impeachment, preserves to the officer a trial by jury. Section 60 gives recognition to the fact that the officer has been duly tried before a jury and convicted, and has 'had his day in court.' It gives weight to such a conviction, and it was clearly not the intention of the Constitution that, following such conviction, the officer must be formally impeached and again given a jury trial before his removal could be effected. * * * "

In the present case, there was no trial by jury and the appellee "did not have his day in court." He was tried by members of the State Bar Association, and although the State Bar Association is the "competent tribunal" to determine who is "learned in the law," under Article 6, Sec. 154, supra, this method does not preserve to the appellee a trial by jury as required by Article 7, Sec. 175 of the Constitution of Alabama, 1901.

We think the decree of the lower court is well reasoned and sets out the law as it now exists in this State, and is controlling in this case. For to reverse the decree of the lower court would be an act removing a constitutional armor, we think properly placed, around a judge so that he may remain free to function without fear or favor, and without subjecting his actions to discipline by lawyers who may be practicing before him, through the office of the State Bar Association, regardless of how honorable the motives of the would-be prosecutors may be.

It is clear that the legislative intent in setting up the State Bar Commission was to regulate lawyers and not judges. We think the organized Bar in Alabama, which has remained constantly alert to any dereliction of its members, serves a useful purpose, and the Bar should be commended for its aggressiveness in safeguarding the public in carrying out the purpose for which the State Bar Commission was created. We think to reverse the decree of the lower court would be contrary to the law.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.