LYONS, Justice
(dissenting).
I respectfully dissent.
Sections 156 and 157 of the Alabama Constitution of 1901 create the Judicial Inquiry Commission and the Court of the Judiciary, respectively, and prescribe the procedures for hearing complaints involving charges that a judge has violated any of the Canons of Judicial Ethics, has been guilty of misconduct in office, has failed to perform his or her duties, or has become physically or mentally unable to perform his or her duties. All of these charges relate to conduct occurring while holding judicial office.
Section 158 of the Alabama Constitution of 1901 recognizes the applicability to all appellate court judges and justices of provisions for impeachment found at § 173, in addition to the authority of the Court of the Judiciary. The grounds for impeachment as set forth in § 173 consist of
“willful neglect of duty, corruption in office, incompetency, or intemperance in the use of intoxicating liquors or narcotics to such an extent, in view of the dignity of the office and importance of its duties, as unfits the officer for the discharge of such duties, or for any offense involving moral turpitude while in office, or committed under color thereof, or connected therewith .... ”
All of these charges relate to conduct occurring while holding office.
Nowhere in the Alabama Constitution is there any provision describing the sections dealing with removal of a judge from office for conduct occurring while holding office as exclusive of any other proceedings that could lead to removal from office based on a judge’s conduct before taking office. See Sullivan v. State ex rel. Attorney General of Alabama, 472 So.2d 970, 973 (Ala. *184 1985) (“Neither of these Amendments [creating the Judicial Inquiry Commission and the Court of the Judiciary] indicate they vest exclusive jurisdiction in these bodies to remove sitting judges from office.”).
Judge Dubose relies upon Alabama State Bar ex rel. Steiner v. Moore, 282 Ala. 562, 213 So.2d 404 (1968), as authority for the proposition that the State Bar can take no action that could indirectly lead to his removal from office. Judge Dubose quotes the following from Moore where, after the Moore Court restated the rule that once a judge is inducted into an office he was competent to hold when elected, he can be ousted or removed only in the manner prescribed by the Constitution, the Court stated:
“This, in substance, means that there can be no collateral approach to ousting a judge, for such prerogative is reserved to the State by the Constitution. In effect, the action of the [State] Bar amounts to an attempt to remove a judge by indirection rather than by constitutional means.”
282 Ala. at 565, 213 So.2d at 407. The next sentence puts the previous observation in proper context. The Moore Court stated:
“Here, the acts complained of were not by a judge in his alleged capacity as a lawyer, but were judicial actions. Erroneous or reprehensible as they may be, the conduct complained of was not conduct unbecoming an attorney at law enumerated by Rule 36, Section A of the Rules Governing Conduct of Attorneys in Alabama.”[3]
282 Ala. at 567, 213 So.2d at 407 (emphasis added). Because Moore did not relate to conduct prior to taking judicial office and because the Constitution nowhere proscribes any proceedings against an incumbent judge for conduct prior to taking office that could result in his or her removal from office, it is inappropriate to limit the jurisdiction of the State Bar over incumbent judges in disregard of this crucial distinction.
The Board of Appeals relied upon Rule 1(a)(2), Alabama Rules of Disciplinary Procedure, which states:
“Incumbent Judges. Incumbent judges are not subject to the jurisdiction of the Disciplinary Commission or the Disciplinary Board of the Alabama State Bar.”
This rule should not be read as restricting the jurisdiction of the State Bar in a manner inconsistent with the Alabama Constitution and beyond the context of Moore, which address the conduct of judges after assuming office. Treating the rule as preventing the State Bar from disciplining a judge for conduct that occurred before taking office gives the judge an unwarranted immunity. I agree with the sound analysis of the Supreme Court of Missouri in In re Mills, 539 S.W.2d 447, 449-50 (Mo. 1976), where, after acknowledging contrary authority and rejecting it as unpersuasive, the court stated:
“Here, we are presented with an action to discipline a person, now serving as a judge, for misconduct committed while he was a lawyer and before he became a judge. Does his position on the bench render him immune to discipline for violation of the Code of Professional Responsibility applicable to all persons licensed to practice law in this state? Respondent argues that since he may not practice law while a judge, he may not be disciplined while a judge for mis *185 conduct committed while a lawyer. Although he may not practice law while a judge, he still holds a license to practice law (a qualification he must have to hold the office of judge), he is still a lawyer, and if he has violated the Code of Professional Responsibility he is, as an officer of this court, amenable to discipline even though it result directly in cancellation of his license and, thereby, lead indirectly to his removal from office. He may not take refuge in a judicial office from, discipline for prior misconduct, the effect of which would be removal of one of his qualifications for occupying the refuge. To permit the use of a judicial office as such a sanctuary ivould be a travesty upon justice."
(Emphasis added.)
The main opinion relies upon Rule 1(a)(3), Alabama Rules of Disciplinary Procedure, which provides:
“Former Judges. Former judges who have resumed them status as lawyers are subject to the jurisdiction of the Supreme Court of Alabama and the Disciplinary Commission and the Disciplinary Board of the Alabama State Bar for misconduct that occurred while they were judges, before they became judges, or after the resumption of the practice of law and that would have been grounds for lawyer discipline.”
This rule dealing with former judges, a circumstance not here presented, merely codifies the holding of this Court in In re Alonzo, 284 Ala. 183, 223 So.2d 585 (1969), in which we rejected a former judge’s plea of immunity from State Bar disciplinary proceedings. In Alonzo, we observed:
“When one is admitted to the bar of this state and licensed to practice law by this court, he remains enrolled as an attorney from that time on unless his right to practice is destroyed by a judgment of suspension or disbarment. True, during the time an attorney may hold certain judicial offices, his right to practice is suspended. He yet remains on the roll of attorneys of this court, and must be a member of the bar to be qualified to hold certain judicial offices.”
284 Ala. at 189, 223 So.2d at 592. Rejecting the plea of immunity, the Alonzo Court held:
“Where, as here, a member of the bar holding judicial office commits fraudulent, corrupt, and immoral acts by originating an extortion plan prior to entering upon a judgeship, and executes that plan after assuming the powers of the judgeship, by actions that cannot by any stretch of the imagination, rationally be deemed judicial or official acts, and where such judge has been removed from office by due and legal impeachment proceedings prior to disciplinary action by the Bar Association, it would indeed be sadly anomalous to conclude that the Bar could not cleanse itself of such unfit member on any theory that judicial robes protected such conduct.”
284 Ala. at 190, 223 So.2d at 592. The main opinion expands Rule 1(a)(3) beyond its field of applicability and, in so doing, ignores the crucial distinction between conduct occurring before a lawyer enters upon judicial office, over which the Bar has authority, and conduct occurring after the lawyer becomes a judge, over which the Bar has no jurisdiction.
A majority of this Court disagrees with my interpretation of the State Bar’s authority, and I urge the immediate amendment of Rule 1 of the Alabama Rules of Disciplinary Procedure to protect the public from judges who were unethical lawyers and relieve this Court of further embarrassment from the absurd consequences of its own rules.
COBB, C.J., and SMITH and MURDOCK, JJ., concur.

. The Rules Governing Conduct of Attorneys in Alabama were superseded by the Code of Professional Responsibility on October 1, 1974, which in turn was superseded by the Rules of Professional Conduct on January 1, 1991.